JOHN BEEL, appellant, *vs.* THOMPSON PIERCE and ANSON O. FAIRMAN, appellees.

*Appeal from Madison.*

A petition for forcible detainer, which shows that A, one of two defendants, had rented fifteen acres, parcel of a larger tract, and that he withholds the whole tract, and that B, the other defendant, unlawfully entered into the same premises under A, and that both unlawfully withhold them from the plaintiff after notice, is insufficient.

To give the Court jurisdiction, the petition should show, that the defendants entered into the premises, under a lease, or by the assent or acquiescence of the plaintiff, or some circumstance from which it can be presumed that the relation of landlord and tenant existed.

Forcible *entry* and detainer must be shown, or the Court acquires no jurisdiction except so far as the relation of landlord and tenant is shown to exist.

A particular description of the land claimed should be given. A description of about fifteen acres, a part of a tract of one hundred and sixty acres, not showing which part of the one hundred and sixty acres, is too loose.

This was an action for a forcible detainer, from Madison county. The complaint before the justice declared that the defendants were in possession of certain tracts of land, of which plaintiff claimed to be the owner in fee simple; said land lying and being in the county of Madison and state of Illinois, to wit: the south-east quarter of section sixteen; also, the north-east quarter of the south-west quarter of section number twenty-one, township three north, range nine, west of the third principal meridian, together with all and singular the tenements and appurtenances thereto belonging, and as such entitled to immediate actual and exclusive possession of said premises; and that he, the said plaintiff, rented about fifteen acres of the said first mentioned tract of land to Thompson Pierce, one of the defendants, for one year, which expired on the 28th day of February, 1849, and that said Pierce unlawfully and without right withholds the pos-

session of the whole of the above tracts of land from said plaintiff. Said plaintiff further states that one Anson O. Fairman, the other defendant, is connected with the said Pierce, and wrongfully and unlawfully entered into said premises with the said Pierce, and, together with the said Pierce, forcibly and unlawfully withholds the possession of said premises from the said plaintiff, after notice given them according to law.

On 10th March, 1849, a trial was had before a justice and a jury of twelve, and the defendants found guilty as charged.

From this finding the defendants prayed an appeal to the Circuit Court, and filed their bond on the 14th March, 1849. At August term, 1849, of the Madison Circuit Court, the defendants moved the Court to dismiss said cause for want of jurisdiction. The Court, Underwood, Judge, presiding, dismissed said cause on account of the insufficiency of the affidavit; to which decision of the Court, in dismissing said cause, the plaintiff at the time excepted, and prayed this appeal, and assigns for error, that the Court erred in dismissing said suit on account of the insufficiency of the affidavit.

J. Gillespie, and Billings & Parsons, for appellant:

The complaint states that Beel was the owner of a tract of land, and entitled to the immediate, actual and exclusive possession thereof; and that he rented fifteen acres of it for one year, which expired February 28th, 1849, and that Pierce unlawfully withholds the possession of the whole of the land, and that one Anson Fairman is connected with the said Pierce, and entered under him, and that they both withhold the possession of the whole of said land.

The complaint is sufficient.

1. In 6 Blackford, 145, it is laid down by the Court, that a complaint was sufficient where it stated that plaintiff bought the land of defendant, and that by agreement the defendant was allowed to continue in possession until a certain day, and held over after that day, although the plaintiff never had actual possession, and that an action of forcible detainer can be sustained.

2. The relation of landlord and tenant is to be presumed in the whole tract, where the tenant leases a part of the land, and occupies the whole, with the assent of the landlord.

In 5th Gilman, 293, it is laid down by the Court that there is no precise form of complaint in an action of forcible detainer. It is sufficient if the complaint show the relation of landlord and tenant to have existed; that the time for which the premises were let has expired, and that the tenant persists in holding the premises after demand made in writing for the possession thereof. "The possession of the tenant is the possession of the landlord," is a well known principle of law. If it is conceded that Beel was the owner of the land, and that Pierce was a tenant of his, for part of the land, and took possession of the whole, Beel was in possession of the whole, being the owner in fee simple, the complaint being taken as true. Although the complaint does not aver in so many words that Beel was the landlord of Pierce, yet that relation is inferred from the complaint; and although it does not state that Pierce entered the balance of the land under the lease, yet it states that Fairman under Pierce entered into the possession of the whole land, which supplies the defect, if there be any in the charge in regard to Pierce, Pierce being the tenant of Beel by the lease. All that is required in a complaint is, to show that the relation existed in terms that can be understood by the manner in which it is set forth.

In 1st Monroe's Reports, 50, it is laid down that the actual residence on one part of a tract, claiming the whole, is such an actual possession of the land as comes within the meaning of the act; and that an entry on any part, without the consent of such actual possessor, would subject the intruder to this remedy.

In regard to possession: In 3d Little's Rep., 383, it is laid down that where a tenant enters on a farm under a lease, he acquires possession of the woodland which belongs to the same tract or parcel of land, unless he be circumscribed by the terms of the lease, and the true criterion is an enjoyment of the profits. In 2d Marsh., 18, and 3d J. J. Marshall, it is laid down by the Court, that an occupant possessing himself of a part of a tract of land, with intent to take possession of the whole, is possessed of the whole, although it be done without the assent of the owner. How much more would he have possession if he takes possession with the assent of the owner.

The complaint in all these cases must be construed with reasonable certainty, and when the relation of landlord and tenant can be inferred, it ought to be. If the plaintiff was not, un-

der the complaint, entitled to a restitution of the whole of said land, he certainly would be entitled to a restitution of the part leased. In 3d Marshall, 164, 1 Monroe, 38, 2 J. J. Marshall, 183, the principle is well established, that on a traverse the jury may find guilty as to part of the premises leased, and the plaintiff shall recover according to the proof.

In regard to the description of the land leased, see 4 Alabama, 112; 9 do., 611; 8 do., 87; 1 Scammon, 407; 4 Missouri, 98; 3 Little, 297. In all these cases the principle is laid down that all that is required is a general description of the premises, so that it will convey a distinct or definite idea of the land sought to be restored. In the Alabama case, the premises were described as N. E. sec. 5, T. 8, R. 11 east, and fifty acres of land; which was held sufficient.

In the Missouri case, the premises were described as one house and garden; which was held sufficient.

There is another point in this case: in regard to Fairman holding under Pierce. In Snoddy *vs.* Watt, 9 Alabama, 611, it is laid down that to warrant a proceeding for an unlawful detainer, it is not necessary that the defendant should be a tenant of the plaintiff, or a tenant of his tenant. It is sufficient if he holds under, from or by collusion of the plaintiff's tenant.

E. KEATING, for appellees:

First, forcible entry and detainer is a possessory action, and the title to the lands, &c., cannot be tried. 2 U. S. Annual Dig., 196, s. 14; Settle *vs.* Henson, 1 Morris, 111; McKeen and wife *vs.* Nelms, 9 Ala., 508; Phelps *vs.* Baldwin, 17 Conn., 209. Second, the plaint must make out a case. Whittaker *vs.* Gautier, 3 Gilman, 443; Wells *vs.* Hogan, Breese, 264. Third, the plaint must particularly describe the premises. Rev. Laws 1845, 257, sec. 4. Fourth, the plaint must show possession or relation of landlord and tenant. Phelps *vs.* Baldwin, 17 Conn., 209; Walters *vs.* Rogers, 9 Ala., 834; Whittaker *vs.* Gautier, 3 Gilman, 443. Fifth, a trespasser may maintain the action. Lorimer *et al.*, Adm'rs, &c., *vs.* Lewis *et. al.*, 1 Morris, 253. Sixth, the trial before the Circuit Court was a trial *de novo*. Rev. Laws 1845, 257. Seventh, if tenancy of two is averred, the proof must correspond, or an acquittal must follow. Sneaker *vs.* Quick, 7 Halstead, 129.

Objections to the plaint in this case : If it is attempted to sustain the plaint on any other ground than the existence of the relation of landlord and tenant, then there is not such actual or constructive possession averred as is required by the decision. 3 Gilman, 443. If the ground of tenancy is assumed, then the plaint only sets forth a lease of fifteen acres, and that fifteen acres is not so described as to be sufficient for a warrant, in case of recovery. See plaintiff's authorities.

If it is contended that the defendants hold all or entered all by virtue of the lease, the answer is, the plaint should have shown this fact : it does not. Forcible entry and detainer being a mere possessory action, the plaint should show that the complainant has had possession, or, as in case of tenancy, there is such a relation existing as shows the defendant is not in a condition to deny the title of complainant, and the law being enacted to give a summary remedy to the party who has once had possession to recover it, the Court will not give such a construction as will enable a party to gain possession of property he has never before actually or constructively been in possession of.

Although Fairman rented the whole of the tracts from Pierce, he thereby became no more the sub-tenant of Beel than Pierce had been the tenant of Beel, to wit, as to fifteen acres, for the plaint does not claim that Pierce ever rented more than fifteen acres, or ever entered into any other than the fifteen acres, and does not deny that Pierce was and had been in possession of the balance of the tracts long before even Beel claimed to have title to any of the same.

WM. T. MARTIN, on same side :

The affidavit is not sufficient to give the Court jurisdiction. The statute gives the action of forcible entry and detainer, where the complainant has been forcibly entered, and turned out of possession. To sustain such action, the complaint must show that the plaintiff was in the actual possession of all the land included in the affidavit, and that the defendant hath taken the possession of the whole of the premises described. Rev. Stat., p. 256, sec. 1.

To sustain the action of wilful detainer, the complaint must show the relation of landlord and tenant, and that the tenant, or

those claiming under him, holds over after the expiration of the term, and after demand, &c. In this action the plaintiff can only recover such premises, and no more than is embraced in the lease, and such premises must be described with such certainty as will enable the sheriff to give the possession. Rev. Laws of 1845, sec. 4.

. The plaintiff cannot, on a complaint for fifteen acres of land, detained after the term expires, allege that he also holds one hundred and eighty-five acres more, and recover on such affidavit two hundred acres.

Opinion by Mr. Justice CATON:

The complaint in this case shows, that Beel is the owner, and entitled to the possession, of two tracts of land, amounting to two hundred acres, and that he rented about fifteen acres of one of the tracts, to Pierce, for one year, which expired in February, 1849; and that Pierce unlawfully withholds the whole of the premises from the plaintiff. The complaint then shows, that Fairman unlawfully entered into the possession of the same premises, under Pierce, and that they both unlawfully withhold them from the plaintiff, after notice, &c.

This petition was insufficient to give the Court jurisdiction. It does not show that either of the defendants entered into the premises, except the fifteen acres, under the lease, or by reason of Pierce's having the lease, or in any way with the assent or acquiescence of the plaintiff, so that there is no circumstance stated, from which we can presume that the relation of landlord and tenant existed. From aught that appears, the defendants may have taken possession of all but the fifteen acres, under a claim of title in themselves, adverse to that of the plaintiff, or under a lease from some other person. As no forcible entry and detainer is pretended, the Court acquired no jurisdiction, except so far as the relation of landlord and tenant is shown to exist.

The petition is also defective, even as to the fifteen acres. The statute provides, that the complaint shall be set down in writing, "particularly describing the lands," &c. R. S., 257, sec. 4. Here there is no such description of the fifteen acres. It is described as "about fifteen acres of said first mentioned tract of land." In what part of this tract of one hundred and sixty acres of land these fifteen acres were located, the com-

**13**

plaint does not show. This, by the most loose construction, cannot be said to be a particular description of the land. We have no doubt that the Circuit Court decided properly, in holding the complaint insufficient, and in dismissing the cause, and its judgment is affirmed, with costs.

*Judgment affirmed.*