## Lydia A. House

### *v.*

## William G. Wilder *et al.*

1. Practice — *instructions.* It is the settled practice never to instruct the jury as to the weight of evidence. When conflicting, or tending to prove the issue, however slightly, it must be left to the consideration of the jury. But when it essentially varies from the pleadings, and fails to sustain the issue, the court may, and should, when asked, exclude it from the consideration of the jury. And when the evidence essentially varies from the plaint, in an action of forcible entry and detainer, it amounts to the same thing as excluding the evidence for the court to instruct the jury to find for the defendant, as either course would produce the same result.

2. Forcible entry and detainer — *plaint and evidence under.* Where a plaint in forcible entry and detainer averred that plaintiff had been in the sole and exclusive possession of a house and lots, and that defendants had made a forcible entry upon her possession, and detained the premises from her, and that she was entitled to the immediate possession of the house and lots, proof that she had previously been in exclusive possession of but two of a number of rooms of the house, and had access to, and had some articles of property in the other rooms of the house, occupied by another family, varies, essentially, from the plaint, and may be excluded. A plaint which claims the whole house, is not sustained by evidence that plaintiff was possessed of only a part of the house upon which a forcible entry was made. The statute requires a particular description to be made in the plaint, of the premises sought to be recovered, and the proof must follow and conform to the description in the plaint to warrant a recovery.

Writ of Error to the Circuit Court of Kane county; the Hon. Richard G. Montony, Judge, presiding.

The facts in this case fully appear in the opinion of the court.

Messrs. Barry & Botsford, for the plaintiff in error.

Mr. A. M. Herrington, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of forcible entry and detainer, brought by plaintiff in error, before a justice of the peace of Kane county, against defendants in error, to recover the possession of a dwelling-house and two lots in the town of Geneva. A trial was had before the justice, when the jury found for plaintiff. An appeal was taken to the Circuit Court, where there were two trials had, both resulting in verdicts in favor of the plaintiff, which were set aside by the court, and new trials awarded. A change of venue was then had, by consent, to the Court of Common Pleas of the city of Aurora, where a trial was subsequently had, before a jury. After hearing the evidence, the court instructed the jury to find a verdict for the defendants, which they did. The case is brought to this court and this instruction is assigned for error.

This record presents the question, whether the court could give such an instruction, because the evidence varied from the plaint as to the extent of plaintiff's possession of the premises, or should the jury have been permitted to pass upon the evidence and find their verdict uninstructed by the court on the character of the testimony. In the plaint upon which the action was based, plaintiff alleged that she had the sole possession of the house and premises, — while, at most, the evidence only shows that she was in the sole possession of two rooms of the house, and a possession in common with Rich, of the remainder. There was, then, a clear and manifest variance between the plaint and the evidence; and no witness states, nor do we find any circumstance detailed in the evidence, from which it can be inferred that plaintiff had the sole possession of more than the two rooms.

It is the settled practice, as held by this court, not to instruct the jury as to the weight of the evidence, or as to how they should find, when there is evidence before them tending to prove the issue. Whenever the evidence is conflicting, or tends to prove the issue, however slightly, the court should never instruct as to its weight, or as to their finding. But

while this is true, the practice is as well settled, that where the evidence varies essentially from the pleadings, the court may exclude it from the consideration of the jury. If, then, in this case, the evidence essentially varied from the allegations contained in the plaint, the court was authorized to exclude it, and could not have refused to do so if asked by the defendants. And if there was such a variance, and the evidence heard did not tend to prove the possession, as laid, instructing the jury to find for the defendants, was virtually the same thing as excluding the evidence. Either course must necessarily have produced the same result. Had the evidence been excluded because of the variance, the jury would inevitably have found for the defendants, and such was the finding of the jury. But such an instruction can only be sustained where the evidence so far varies from the pleadings as to render it inadmissible, or would require its rejection if already admitted. When admissible under the pleadings, and is before the jury, it is their sole province to consider it, unaided by the judge, as fully as it is his to determine whether evidence is admissible, unaided by them.

We then come to the question, whether the evidence shows that plaintiff was in the sole possession of but a part of the premises, when in her plaint she averred that she was solely possessed of the whole. In ejectment, the plaintiff is held to proof of the same estate for which he has declared. If he claims to be the sole owner, he can not recover as a joint tenant, or tenant in common, a portion only of the premises. If he sues for a fee, he can not recover any lesser estate. Nor can a plaintiff, in any form of action, sue for one thing and recover a different thing, or sue on one contract and recover under another. The rules of pleading require that each party shall state his case with reasonable fullness and accuracy. Where the plaintiff claimed the sole possession of the entire house, she could not recover possession as a tenant in common, of either the whole or but a part. To permit such a recovery, would

violate the plainest and most simple rule of pleading, evidence and practice. How can it be said, that because she has shown that she occupied the greater portion of the house in common with Rich, by his permission, she had, therefore, the right to the sole and exclusive possession of all of that portion? Such a variance is too broad and palpable to be disregarded.

Nor is the averment that plaintiff was in the sole and exclusive possession of a house, sustained by proof that she was so possessed of but two of a number of rooms in the house; such evidence does not tend to sustain the averment in the plaint. It establishes a different case from that made in the pleadings, and so far different that the court, on being asked, should have excluded it from the consideration of the jury. In *Beel* v. *Pierce*, 11 Ill. 92, it was held that a plaint which described the premises as about fifteen acres, a part of a tract of one hundred and sixty acres, which was described, but failed to designate the particular fifteen acres, was too loose and indefinite. It was there said, that the statute required a particular description of the premises to be given in the plaint, and if not, it will not be sustained. If then, the statute requires the description to be particular and specific, before the action can be maintained, it would seem to follow that it must be, at least, substantially proved as laid in the plaint. If a claim to a part of a quarter section, not described or located by the plaint, is insufficient to authorize a recovery, when it should be located and determined by the evidence, how can a portion not described, in a plaint claiming the whole, be located and shown by the evidence so as to authorize a recovery?

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*