CALVIN W. WEST

*v.*

WILLIAM FREDERICK.

1. FORCIBLE DETAINER — *vendor and vendee.* When a party borrows money and conveys land to secure its repayment with interest, and takes back a contract for the re-conveyance of the land upon payment, the relation of vendor and vendee will not exist between them, and the party making the loan can not maintain forcible detainer to recover possession upon default of payment by the party in possession. Such a case is not within the statute of 1861.

APPEAL from the Circuit Court of De Kalb County; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. CHARLES KELLUM, for the appellant.

Mr. B. F. PARKS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The appellee, Frederick, who was plaintiff below, loaned a sum of money to the appellant, West, and instead of a mortgage in form, took an absolute deed of the farm occupied by West, and gave him back a contract to re-convey upon the payment of the sum loaned, within one year. The money not being paid at maturity, Frederick brought this action of forcible detainer. Will the action lie?

It is contended by counsel for appellee that this case falls under the statute of 1861, Gross 301, which extends this action to " all cases between vendor and vendee, where the latter has obtained possession of the land under a contract by parol, or in writing, and before obtaining a deed of conveyance of the same, fails or refuses to comply with such contract to purchase."

This position is untenable. These parties are not vendor and vendee, and the defendant has not obtained possession of the land under a contract with the plaintiff. In two particulars the case is beyond the reach of the statute. It is stated by the plaintiff himself, in his testimony, that these instruments were executed merely as security for the loan of money. But even if the proof on this point were less conclusive, the fact that the defendant did not derive his possession from the plaintiff, would, of itself, be fatal to this action.

The judgment is reversed and the cause remanded.

*Judgment reversed.*