# LOWRY HASKINS *et al.*

*v.*

# HANNAH HASKINS.

1. INSTRUCTIONS—*exception must be to objectionable part where charge is orally upon the whole case.* Where parties agree to waive instructions in writing and consent to an oral charge upon the whole case, the party excepting should point out specifically the portion of the charge excepted to. A general exception to the whole charge will not answer.

2. TRESPASS—*a forcible eviction can not be justified under a plea of liberum tenementum.* Under the decisions in this State, a defense under the plea of *liberum tenementum* can not be sustained in justification of a forcible eviction of one in the actual, peaceable possession of real estate.

3. FORCIBLE DETAINER—*as between vendor and vendee.* In order to give a justice of the peace jurisdiction of an action of forcible detainer as between the vendor and vendee of land under the act of 1861, the following elements must be shown by the complaint: 1. The relation of vendor and vendee must exist. 2. The vendee must have obtained possession of the land under the contract. 3. And then it is not sufficient that the vendee has *at any time* failed to comply with his contract, but he must have

failed or refused to comply with it, *before obtaining a deed* of conveyance. If either of these elements is wanting, the justice acquires no jurisdiction.

4. A judgment was rendered for the possession of land in forcible detainer under a complaint, in substance, as follows: That the defendant, on, etc., came into the possession of the following described premises under a contract of purchase from affiant, to-wit: a part of the southwest quarter of the southeast quarter in section one, etc., and that the said defendant has failed to comply with his said contract of purchase, and still holds possession wilfully and without force, etc: *Held*, that the complaint was not sufficient to confer jurisdiction, and also that the description of the land as a part of a tract was void for uncertainty.

5. A complaint which fails to show a case within any provision of the statute relative to forcible entry and detainer is insufficient to give the court jurisdiction.

6. TRESPASS—*when act done under judicial proceeding.* In courts of special and limited jurisdiction, the rule is strict, that the party becomes a trespasser who extends the power of the court to a case in which it can not lawfully be extended. The writ in a case where such a court has failed to acquire jurisdiction will not protect the party in whose favor it issues, or those acting under his direction, and it will be presumed he purchased the same, and he will be liable for the officer's act done by his direction.

7. SAME—*writ—when no protection to officer serving.* Where a writ of restitution, issued upon a judgment in forcible detainer, describes the land as a part of a certain tract, but fails to state what part of it, it is void for uncertainty, and will not protect an officer in evicting another under it. And where a valid writ is executed in such manner as to show a wilful abuse of it, the officer and his assistants will be trespassers *ab initio*.

8. EVIDENCE—*res gestæ—officer's return.* In a suit for trespass in forcibly ejecting the plaintiff from premises under a judgment and writ of possession in a forcible detainer proceeding, it was *held*, that the officer's return indorsed upon the writ at the time that he had removed the plaintiff, etc., by order of the plaintiff in the writ, being a part of the *res gestæ*, was evidence of the facts therein stated.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of trespass, by Hannah Haskins against Lowry Haskins and William M. Herron. The facts of the case are stated in the opinion of the court.

Mr. O. B. FICKLIN, for the appellants.

Messrs. CLARK & STEELE, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was trespass, brought by appellee, in the Coles circuit court, against appellants. The declaration contains counts in trespass, *quare clausum, de bonis asportatis,* and for assault and battery.

The plea was, not guilty, with a stipulation of record that any legal defense might be given in evidence under it. There was a trial before the court and a jury, resulting in a verdict and judgment for appellee. The defendants below bring the case here by appeal.

The errors assigned question the correctness of the ruling of the court in denying appellants' motion for a new trial, and certain parts of the instructions given to the jury.

It appears from the record, that the parties agreed, at the trial, to waive instructions in writing, and consented that the court might instruct the jury orally upon the whole case, which was done, and that no exception was taken to any specific portion of the instructions so given, but only a general exception was taken to the whole charge.

Where parties agree to waive instructions in writing, and consent to an oral charge upon the whole case, a party excepting should point out specifically the portion of the charge excepted to. This is the general rule in all appellate courts, where the practice of oral charges or instructions prevails, and is necessary to prevent inadvertent errors.

But we perceive no valid objection to any portion of the instructions. They were more favorable to the appellants than the circumstances in evidence warranted.

It remains now to consider the questions arising upon the motion for new trial, which was overruled. The evidence is all preserved in the bill of exceptions, from which it appears

that, at the time of the alleged trespasses, the appellee, being a married woman, with two little children living with her, was in the actual and peaceable possession of a dwelling house, where she had lived for upwards of two years. Her husband had formerly lived with her on the same premises, but had abandoned both the premises and his family some five or six months before the acts complained of, and, as the evidence tends to show, absconded from the county. While she was so in possession, with her children, February 5, 1872, the day being severely cold and stormy, she being far advanced in pregnancy, and at the time confined to her bed with sickness, the house was approached with a body of nine men, who came with two teams. These men entered the house where appellee was, under the leadership of one Curry, a constable, one of the men in attendance being armed with a revolver. Among these men was appellant Herron, but appellant Haskins was not there. They entered the house with the purpose, as they declared, of ejecting appellee and removing her effects therefrom. She remonstrated, pleading her sickness against the inhumanity of the act. The evidence shows that she was subjected to a personal examination, with the view of testing her condition, and it is quite clear that this was without her consent; that she was compelled to submit to it to prevent being taken out by the intruders in the storm. The personal examination having been made, it was determined that she was not in a suitable condition to be removed with safety on that day, but everything was removed from the house except the bed on which she lay and the fire shovel, and evidence was given tending to show that this removal was made in a wanton and reckless manner; that the dishes and jars were all broken to pieces, the sugar and coffee and other things destroyed. The men, or a portion of them, remained in the house over night, for whom provisions were brought from the house of appellant Haskins, who, as the evidence tends to show, was at home at the time. One of the teams which brought the men there, and which was used on

the occasion, belonged to appellant Haskins, and one of the men engaged in the transaction was his hired man. Appellant Herron was present all the while, assisting.

On the next day, six of the men, Herron being one, took appellee's bed, with her in it, placed it upon one of the sleds, and took her to Milton, some three miles, the weather being severely cold, to her father's house, and there left her, in consequence of which, as the evidence tends to show, she suffered great mental and physical injury.

The recovery was for $1000, which, under the circumstances of the case, we think was not excessive, if a cause of action was shown against both defendants, and their acts were without legal justification.

There was no attempt to justify under what would support a plea of *liberum tenementum.* Under the decisions in this State, such a defense could not be sustained in justification of a forcible eviction of one in the actual, peaceable possession of real estate. *Reeder* v. *Purdy et ux.* 41 Ill. 279 ; *Farwell* v. *Warren*, 51 Ill. 471.

The appellee testified that, when she was put out, she was in her own house with her family.

The only defense relied upon was a justification under a judgment rendered January 29, 1872, against John H. Haskins, appellee's husband, in favor of appellant Lowry Haskins, by and before a justice of the peace, in an action of forcible detainer, upon which a writ of restitution was issued February 5, 1872, and delivered to constable Curry, who, it was claimed, acted under that writ in ejecting appellee, and the other persons present were aiding and assisting him by his command.

The action of forcible detainer was, doubtless, designed to be brought under the act of February 20, 1861, which reads as follows: "That chapter 43 of the Revised Statutes of 1845 shall be extended to all cases between vendor and vendee, where the latter has obtained the possession of land under

a contract by parol or in writing, *and, before obtaining a deed of conveyance of the same,* fails or refuses to comply with such contract to purchase." Sess. Laws, p. 176. The title of the act is, "An act to amend the statute in relation to forcible entry and detainer and landlord and tenant."

The object of this statute was to introduce into and bring within the provisions of the statute of 1845 a new cause of action, and it is an essential ingredient of such new cause of action, that the vendee should fail or refuse to comply with the contract of purchase before obtaining a deed of conveyance of the land purchased. In all other respects, the action is to be governed by the provisions of the act of 1845. The fourth section of that act provides that "no indictment or inquisition shall be necessary in any case arising under this chapter, but the justice shall set down in writing the complaint, under oath, *particularly describing* the lands, tenements or possessions in question, and shall keep a record of the proceedings had before him."

The complaint in this case is as follows:

"STATE OF ILLINOIS, COLES COUNTY.

"LOWRY HASKINS,
      *vs.*   } Action of forcible entry and detainer.
"JOHN H. HASKINS,

"The complaint of Lowry Haskins, of Okaw township, in said county, who, being duly sworn, upon his oath, gave Jesse K. Ellis, Esquire, a justice of the peace of said county, to understand and be informed that, on or about the 20th day of November, A. D. 1868, John H. Haskins came into possession of the following described premises, under a contract of purchase from said affiant, to-wit: *part of* the southwest quarter of the southeast quarter in section one, township (13) thirteen, range seven east; and that the said John H. Haskins has failed to comply with his said contract of purchase, and still holds possession wilfully and without force, and that

he has duly demanded possession of said property above described; therefore, he prays that said John H. Haskins may be summoned to answer to said complaint.

his

"LOWRY + HASKINS.

mark

"Sworn to and subscribed before me this 22d day of January, A. D. 1872.

" JESSE K. ELLIS, J. P."

It will not be pretended that this case is within any other statute, if not within the amendatory act of 1861. That act specifically defines the elements necessary to authorize summary proceedings between vendor and vendee. The provisions of the act of 1845 are not extended to every case between vendor and vendee, but to all cases *where* the vendee has obtained the possession of land under a contract by parol or in writing, *and, before obtaining a deed of conveyance of the same,* fails or refuses to comply with such contract of purchase. Here certain elements are grouped together, none of which can be dispensed with. The relation of vendor and vendee by contract must exist. The vendee must have obtained possession of the land in question under the contract. Then it is not sufficient that the vendee has *at any time* failed to comply with his contract, but he must have failed or refused to comply with it before obtaining a deed of conveyance. If one element may be dispensed with which prescribes the grounds of a summary proceeding of this nature, then others may be, and the remedy extended to every conceivable case.

In *Beel* v. *Pierce,* 11 Ill. 92, it was held that a complaint which failed to show a case within any provision of the statute relative to forcible entry and detainer, was insufficient to give the court jurisdiction. So the same doctrine was recognized in *Steiner* v. *Priddy,* 28 Ill. 179.

In courts of special and limited jurisdiction, the rule is strict, that the party becomes a trespasser who extends the power of the court to a case in which it can not lawfully be

extended. *Percival* v. *Jones*, 2 Johns. Cases, 49; 1 Strange, 710; 2 Black. R. 1035; Cowp. 640, 647; 2 Wils. 385, 386; *Curry* v. *Pringle*, 11 Johns. R. 344.

Besides the general intendment of the law, that every writ or process is purchased by the party in whose favor it issues, there were sufficient circumstances in evidence to warrant the jury in finding that the issuing and execution of the writ of restitution was the act of the plaintiff therein, appellant Haskins. In addition to that evidence, the constable indorsed upon it the following return, which defendants below introduced in evidence: "I have, this the 5th and 6th days of February, 1872, executed the within writ, by removing the family of John H. Haskins to Milton, and putting William M. Herron in possession of the premises, *by order of the plaintiff, Lowry Haskins.*"

This return was properly signed by the constable, is presumed to have been made at the time of its date, is a part of the *res gestæ*, and no attempt was made to question the truth of it upon the trial.

There was undisputed evidence tending to connect appellant · Haskins with the trespasses, and Herron was a direct participant in everything that was done, and received possession of the premises after appellee was put out. But it is insisted by appellants' counsel that Herron was merely assisting the constable; that the latter was justified by the writ, and therefore Herron was within the same protection. The writ of restitution was clearly no justification to the appellant Haskins, the plaintiff in it.

The description of the premises in the complaint, the judgment and the writ of restitution, was simply: "*Part* of the southwest quarter of the southeast quarter of section one, township thirteen north, range seven east of the third principal meridian." It being for a *part* only of the southwest quarter of the southeast quarter of the section, the writ was clearly no authority for making restitution of the *whole* of such southwest quarter, for a part of a thing is necessarily

less than the whole. If so, then of what part of said south-
west quarter was the officer authorized by the writ to make
restitution? There is literally nothing in the forcible detainer
proceedings from which the officer could legitimately deter-
mine that question. Hence the writ was void for uncertainty.
*Hughes* v. *Streeter*, 24 Ill. 647; *Shackleford* v. *Bailey*, 35 Ill.
387.

The statute requires that the complaint shall particularly
describe the lands, tenements or possessions in question, and
that the justice shall keep a record of the proceedings had
before him. If this writ should be held good, then, by parity
of reasoning, a writ which should command the officer to
make restitution of a part of a section of land, without other
description than such as designated the section of land, would
likewise be good. It was the manifest policy of the statute
not to authorize any such rambling process, and, upon general
principles, that in question was void for uncertainty. But,
even if valid on its face, there was evidence tending to show
such wilful abuse of it as would render both the constable
and Herron trespassers *ab initio*. *Page et al* v. *DePuy*, 40 Ill.
513; *Snydacker* v. *Brosse*, 51 Ill. 357.

The constable was not made a party to the suit, and although
Herron was acting in conjunction with him, yet the jury were
warranted by the evidence in finding that Herron was really
acting in complicity with Haskins, the plaintiff in the writ,
for the purpose of obtaining possession of the premises in
himself. His position is, therefore, no better than that of
Haskins.

When the manner of the execution of the writ is consid-
ered in connection with the circumstances attending the orig-
inal forcible detainer proceedings, the mind is irresistibly
brought to the conclusion that the judgment and the manner
of enforcing it were the result of a fraudulent collusion be-
tween appellant Haskins and his son, John H. Haskins,
appellee's husband, together with appellant Herron, to

wrongfully put appellee out of, and Herron into, the possession of the premises.

From the whole case, we are satisfied that justice has been done, and that the judgment of the court below should be affirmed.

*Judgment affirmed.*