## Cincinnati, LaFayette &, Chicago Railroad Company

### v.

### Francis Ducharme

1. PRACTICE—ORAL CHARGE TO JURY—EXCEPTIONS.—Where the court, by agreement of parties, charged the jury orally upon the whole case, if a party would object to portions of the charge, he should make his objections specific, and not rely upon a general exception.

2. NEGLIGENCE—CATTLE RUNNING AT LARGE.—The court cannot say to the jury as a matter of law, that permitting cattle to run at large is negligence which contributed to their injury by the railroad, as it depends upon all the circumstances whether it was negligence and whether it contributed to the injury.

ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 16, 1879.

Mr. JAMES FLETCHER, for plaintiff in error; that when a petition for change of venue is filed, the court has no discretion to refuse the change, cited Walsh v. Ray, 38 Ill. 30; Com. Ins. Co. v. Mehlman, 48 Ill. 313.

Instructions should not mislead the jury: Volk. v. Roche, 70 Ill. 297; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347; City of Freeport v. Isbell, 83 Ill. 440.

Correct instructions will not cover defective ones: Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

Mr. M. B. WRIGHT, for defendant in error; that there being no exception to the refusal to grant a change of venue, it cannot be objected in this court, cited Krug v. Ward, 77 Ill. 603; I. B. & W. R. R. Co. v. Rhodes, 76 Ill. 285; Harbaugh v. Monmouth, 74 Ill. 367; Force Mfg. Co. v. Horton, 74 Ill. 310.

Contributory negligence is a question of fact for the jury: C. & St. L. R. R. Co. v. Woolsey, 85 Ill. 370.

The fact of cattle running at large will not relieve the railroad Company from its duty to fence its track: Ewing v. C. & A. R. R. Co. 72 Ill. 25.

PER CURIAM. Action on the case by defendant in error against plaintiff in error, for the killing of a colt of defendant in error, through the alleged neglect of the company to fence its road within six months after it was open for use.

The court below, by agreement of the parties, orally instructed the jury upon the whole case, and now it is urged for error that such charge to the jury was erroneous, in that it did not submit the question fairly to the jury, of the contributory negligence of the plaintiff below in allowing his colt to run at large contrary to law.

While we would have been better satisfied had the court submitted such question to the jury in explicit terms, as it was a question for the jury, to be determined from all the facts and circumstances in evidence, yet as the charge was oral, and upon the whole case, the plaintiff in error should have made his objection specific to that portion of the charge, and not

relied upon a general objection and exception to the whole charge. Haskins v. Haskins, 67 Ill. 446.

The instruction asked by the defendant below was properly refused.

The court cannot say to the jury, as a matter of law, that the plaintiff permitting his colt to run at large was negligence which contributed to the injury complained of, as it depends upon all the surrounding circumstances, whether it was negligence or not; and whether, if negligence, it contributed to the killing.

Substantial justice was done by the verdict, and the judgment will be affirmed.

Judgment affirmed.