## Lydia Corderey

v.

## John Hughes et al.

1. Witnesses—Competency.—Upon a bill filed to set aside a will on the ground of incompetency of the testator, the sisters of the devisees under the will, who were also daughters of the testator, though made parties defendant, and called as witnesses by the complainant, the adverse party, are not competent witnesses as to statements of the testator, and as to his mental capacity. Their interest in the subject-matter was common with the complainant, and though made defendants, they are not adverse parties within the meaning of the statute.

2. Husband of party may testify.—Although a married woman may be, under the statute, incompetent as a witness on the ground of her interest in the subject-matter of the litigation, and because she is a party to the record, her husband is not thereby incompetent as a witness. The case being one in which the wife could have sued alone if sole and unmarried, the husband may testify under the fifth section of the act relating to evidence; the relation he occupies going only to his credibility, not to his competency.

Corderey v. Hughes.

APPEAL from the Circuit Court of Kendall county; the Hon. H. H. CODY, Judge, presiding.

Mr. W. S. COY and Mr. A. M. SWEETLAND, for appellant; that where a will is procured to be written by a person benefited thereby, there should be stricter proof of volition and capacity, cited Duffield v. Robeson, 3 Harr. 384; Tompkins v. Tompkins, 1 Bailey, 92; Harrall v. Harrall, 1 Duvall, 203; Cramer v. Crambaugh, 3 Md. 431; Brydges v. King, 1 Hagg. 250.

Threats of personal estrangement constitute undue influence: Moore v. Blanvelt, 15 N. J. Eq. 367.

If the provisions of a will executed by a feeble old man differ from his previously expressed intention, it is strong evidence of fraud and undue influence: Lee v. Dill, 11 Abb. Pr. 214; Boyd v. Boyd, 66 Pa. St. 283; Walker v. Hunter, 17 Ga. 364; Small v. Small, 4 Me. 192; Allen v. Public Adm'r, 1 Brad. 387; Wier v. Fitzgerald, 2 Brad. 42; Hester v. Lynch, 1 Yeates, 108; Starrell v. Douglas, 2 Yeates, 46; Morris v. Sheppard, 8 Harris, 475.

In some cases fraud and undue influence have been inferred from the nature of the transaction: Taylor v. Gardiner, 35 Ill. 595; Sears v. Shafer, 2 Seld. 272.

Testamentary capacity must be judged by the nature of the act, and where this is doubted a wide range of inquiry has always been sanctioned: Blewith v. Blewith, 4 Hagg. 419; Waterman v. Whitney, 11 N. Y. 137; Rambler v. Tyron, 7 S. & R. 90; Lightner v. Wike, 4 S. & R. 203; Hughes v. Hughes, 17 Ala. 519; Dodge v. Meich, 1 Hagg. 612.

Declarations of a testator made before, at the time, and subsequent to the will, are admissible to show fraud and undue influence: Smith v. Tenner, 1 Gall. 170; Lucas v. Parsons, 27, Ga. 593; Jackson v. Jackson, 32 Ga. 325; Taylor v. Wilbaum, 20 Mo. 306; White v. Bailey, 10 Mich. 155; Beauben v. Cicatte, 12 Mich. 486; Willitts v. Porter, 42 Ind. 250; Roberts v. Tranick, 17 Ala. 455; Reynolds v. Adams, 90 Ill. 134.

The husbands of defendants were competent witnesses: Rev. Stat. 1874, 488, §§ 1, 5; Piggs v. Carroll, 89 Ill. 205; Funk v. Eggleston, 11 Chicago Legal News, 182; Nor. Line Packet Co.

v. Shearer, 61 Ill. 263; McNail v. Ziegler, 68 Ill. 224; Fowle
v. Tidd, 15 Gray, 94; Richardson v. Learned, 10 Pick. 267;
Dyer v. Horner, 22 Pick. 262.

Mr. CHARLES WHEATON and Mr. B. F. PARKS, for appellees;
that the witnesses were incompetent, cited Rev. Stat. 1874,
Chap. 51, § 2; Walker v. Dement, 42 Ill. 272; Dyer v. Mar-
tin, 4 Scam. 147; Hurd v. Brown, 41 Ill. 121; Ill. Cent. R. R.
Co. v. Taylor, 24 Ill. 323; Freeman v. Freeman, 62 Ill. 199;
Crane v. Crane, 81 Ill. 165.

As to competency of testator to make a will: Trish v. Newell,
62 Ill. 196.

As to what constitutes undue influence: Dickie v. Carter,
42 Ill. 376; Roe v. Taylor, 45 Ill. 485; Rutherford v. Morris,
77 Ill. 397; Carmichel v. Reed, 45 Ill. 108; Meeker v. Meeker,
75 Ill. 260.

PILLSBURY, P. J.     Edward Hughes made his will, devising to
his two sons, John H. and Charles G., certain lands in Kendall
county, and after making said will, executed to them deeds for
the land thus devised to them.    The said Edward died in 1873,
leaving said sons and six daughters, all married, as his only heirs-
at-law.

The complainant as one of the heirs, filed her bill in chancery
to set aside said will and deeds, making her sisters and said
devisees, her brothers, defendants thereto.

An issue was formed as to the validity of the will, and sub-
mitted to a jury under the statute, who returned a verdict in
favor of the will, and upon decree being rendered dismissing
her bill she appealed to this court.

Upon the trial of the issue the complainant called her sister,
Susan Havenhill, as a witness, and proposed to prove by her,
statements made by her father to her, and also his condition
of mind at and about the time of the execution of the will, but
upon an objection to her competency being interposed by the
devisees, her co-defendants, the court held her incompetent, and
the complainant excepted.

The same ruling was made upon the admissibility of the tes-

timony of the husbands of the sisters of complainant, and like exception taken.

It is now urged that as the sisters of complainant were defendants to the bill, they were competent under the 6th section of the act concerning evidence, as they were called by the adverse party. We cannot concur in this view. The sons were defending as the devisees of Edward Hughes, and the interest of their sisters, although made defendants, were as adverse to them as though they had been complainants in the bill, and we think they were no more competent to testify against the real defendants than the complainant. Equity views not so much their position upon the record, as their interest in the subject-matter of the litigation, and if their interest be with the party calling them as witnesses, and against the real defendants who are defending as the devisees of a common ancestor, we think they are adverse parties within the statute, and therefore prohibited from testifying by its provisions.

These wives then being incompetent as witnesses to testify to facts occurring before the death of the devisor, it is insisted that their husbands, who are not parties to the suit, are likewise incompetent, under the common law rule that when the husband or wife has an interest directly involved in the suit, and is therefore incompetent to testify, the other is likewise incompetent, and reference is made to the cases of Ill. Cent. R. R. Co. v. Taylor, 24 Ill. 323; Freeman et al. v. Freeman, 62 Ill. 191; and Crane v. Crane, 81 Ill. 165.

These cases do, indeed, strongly support the position assumed, and were undoubtedly the basis of the action of the court below, and we should also be inclined to follow the doctrine there announced, did we not consider them in conflict with the later case of Marshall v. Peck, 91 Ill. 187. In this case Mrs. Marshall filed her bill against the heirs of one Peck, to enforce a contract for the sale of real estate which she alleged she had made with said Peck in his lifetime, and she and her husband were both witnesses in her behalf, and upon the question of the competency of their testimony in the case, the Supreme Court, through Justice Walker, uses this language: "Peck having died, appellant is not a competent witness. Being a

Corderey v. Hughes.

party in interest, the second section of chapter 51, Rev. Stat. 1874, prohibits her from testifying. We cannot therefore consider her testimony. Nor does she fall within the exceptions of other sections of the act.

"It is urged that Marshall, the husband of appellant, has such an interest in the subject-matter of the litigation as to prevent his testifying in the case. He swears the verbal agreement to convey lot 19 to his wife occurred soon after Peck gave a bond for a reconveyance and long before Peck's death. Had it appeared that he only assigned the claim to render him competent, he could not have testified, as he would be precluded by the terms of the seventh section of the act. Under the first and second sections of the act he is competent. His relation of husband of complainant does not disqualify him as a witness.

He is by the fifth section rendered competent, as the case is one in which the wife could have sued alone if she had been sole and unmarried. The relation he occupies to her only goes to his credibility, not to his competency. Mueller v. Rebhan, Vol. 1, Ill. Sup. Northwestern Reporter, is also directly in point. In that case Mrs. Rebhan filed her bill to set aside the will of George Christian Mueller, the father of the parties to the record, alleging first that at the time of making said will he was mentally incapable of thus disposing of his property, and second, that he was induced to make the will by undue influence exerted upon him by his sons, Solomon and George. On the trial below the husband of the complainant, Mrs. Rebhan, was allowed to testify generally in the case in her behalf, which action of the court below was questioned in the Supreme Court upon appeal, and his competency asserted in the opinion of the court by Dickey, J. In this opinion and perhaps in some others, will be found general expressions, indicating, that the complainant in such case would also be competent, but the point not being directly raised and determined in favor of such competency, where the defendants having the real interest in the maintenance of the will, defend as devisees, we are not disposed to so construe the statute as to include as competent witnesses the parties who have a direct interest in the result of the suit, antagonistic to such devisees.

It is thus seen that the question whether the husband is rendered incompetent because the wife is, on account of her interest, and also by being a party to the record, was directly raised in the above cited cases, and as directly determined, and by those decisions so long as they remain the doctrine of the Supreme Court upon questions coming within the rule there established, we feel bound, and therefore hold that the court below erred in refusing to permit the husbands of said parties defendant to testify in the cause.

As the case must go before another jury we purposely refrain from expressing any opinion upon the weight of the evidence in the case.

The decree of the court below, for the error indicated, must be reversed and the cause remanded.

Decree reversed.