John A. Spence *et al.*

*v.*

Nellie Anderson.

*Filed at Springfield January 19, 1884.*

Appeal—*does not lie directly to this court in forcible detainer.* An appeal does not lie directly to this court from a judgment of the circuit court in an action of forcible detainer to recover the possession of land sold under a power in a deed of trust, there being no freehold involved.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. HAMILTON SPENCER, and Mr. WM. E. HUGHES, for the appellants.

Mr. IRA J. BLOOMFIELD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action of forcible detainer, brought against appellants, by appellee, to recover possession of real estate once the property in fee of Mrs. Spence, and which was sold for the satisfaction of a debt of her husband, under a power contained in a deed of trust made to secure that debt, which deed purports to have been made and acknowledged in due form by both the wife and her husband, and in such manner to release and discharge and pass all homestead rights to or in the same. Plaintiff claimed as grantee of the purchaser at the sale by the trustee. Defendants denied that the deed was ever delivered by Mrs. Spence, and also denied that she acknowledged the same. The judgment of the circuit court was for plaintiff, and defendants appeal to this court.

Appellee moves this court to dismiss the appeal, insisting that under our laws an appeal directly to this court from the judgment of the circuit court does not lie. Appellants defend the right of appeal solely upon the allegation that a freehold is involved. Under the ruling of this court in the case of *Kepley* v. *Luke*, 106 Ill. 395, the motion must be sustained. That case is directly in point, and holds that the freehold is not involved. The position of this court on that question has become *stare decisis.*

It is therefore ordered that the appeal be dismissed at the costs of appellants, appellants having leave to withdraw the transcript and abstracts if they so desire.

*Appeal dismissed.*