## J. B. Aurner v. Margaret Pierce.

1. FORCIBLE DETAINER—*For Property Held as Security for Loans.*— Forcible detainer can not be maintained to recover possession of premises simply conveyed as security for loans.

2. SAME—*Where Plaintiff Has Never Been in Possession.*—Forcible detainer is not maintainable where the plaintiff has never been in possession of the premises under his contract.

**Forcible Detainer.**—Appeal from the Circuit Court of DeKalb County; the Hon. GEORGE W. BROWN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

CLIFFE & CLIFFE, attorneys for appellant.

H. A. JONES and J. E. MATTESON, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in forcible detainer brought by appellant against appellee to recover possession of the second story of a frame building, situated on lots 2 and 3 in block 36 in the city of DeKalb. In the court below a jury was waived and this case was tried by stipulation of

the parties with a chancery case and a case involving the allowance of an award to appellee, as the widow of Benjamin F. Church, deceased. The latter case, under the title of Kittie Alden et al. v. Margaret Pierce Church, is in this court on appeal, and the records in that case and this are substantially the same.

There was a finding and judgment in the court below in favor of the defendant, from which plaintiff below appeals.

It appeared from the evidence that on December 24, 1891, appellant, John B. Aurner, entered into a written contract with Martha F. Church, wife of Benjamin F. Church, by which appellant agreed to convey to her lot No. 3 above mentioned in consideration of the sum of $500, thereafter to be paid in certain installments provided for by the contract; that on the 30th day of December, 1891, appellant made a similar contract with Martha F. Church for the conveyance to her of lot No. 2 aforesaid for the consideration of $400; that Martha F. Church departed this life October 2, 1894, leaving no children; that Benjamin F. Church died November 15, 1900; that at the time of his death appellee, who claimed to have been married to him on June 18, 1899, occupied the premises in question here as a homestead; that appellee claims the right to the possession of said premises by virtue of her homestead and dower interest therein, as the widow of Benjamin F. Church, deceased, and also by virtue of a deed of conveyance to her dated August 12, 1901, from Susan Armstrong and Jesse Lee, who describe themselves in said deed, as the only heirs at law of said Martha F. Church, and conveyed to her all their right, title and interest in and to said premises.

Appellant seeks to recover possession of said premises upon the following grounds: First, that appellee is not the lawful widow of Benjamin F. Church, deceased; second, that the relation of vendor and vendee existed between appellant and Martha F. Church, former wife of Benjamin F. Church, deceased; that the terms of the contract between appellant and said Martha F. Church above mentioned had not been complied with; that appellant had

made a demand in writing for the possession of said premises and was therefore entitled to maintain his suit under the fifth clause of section 2 of the forcible entry and detainer law.

In regard to the first proposition, it is sufficient to say that we have this day filed an opinion in said case of Kittie Alden et al. v. Margaret Pierce Church, in which we have held upon the same evidence contained in this record, that appellee was the lawful wife of Benjamin F. Church. We are also of opinion that the relation of vendor and vendee did not exist between appellant and Martha F. Church. The proofs show that Martha F. Church had a contract for the purchase of said lot No. 2 from Maria Corkings made January 18, 1886, upon which there was due and unpaid about the sum of $38; that Martha F. Church borrowed the money of appellant to finish making this payment, made improvements upon the premises, and for other purposes; that she caused a deed to the premises to be made directly from Maria Corkings to appellant to secure him for the money borrowed, taking from the contract in reference to said lot above mentioned; that lot No. 3 was purchased by Martha F. Church of Maria Brady for the sum of $500; that the money to pay for the same was also borrowed of appellant; that Martha F. Church caused the deed to said premises to be made by Maria Brady directly to appellant, to secure the latter for the money borrowed, and that appellant entered into the agreement with her, in reference to said premises, above referred to.

It is therefore plain from the evidence that the lots were conveyed to appellant simply as security for the loans made by him to Martha F. Church and that said lots were never purchased from him by her.

Under such circumstances appellant can not maintain forcible detainer to recover possession of the premises. West v. Frederick, 62 Ill. 191.

It is also to be observed as another reason why appellant was not entitled to maintain this suit, that he was never in possession of the premises in question and that neither

Martha F. Church, Benjamin F. Church nor appellee obtained possession of said premises from appellant, under the contracts between him and Martha F. Church. Haskins v. Haskins, 67 Ill. 446.

The judgment of the court below is therefore affirmed.

Mr. Presiding Justice BROWN took no part in the hearing of this cause.