### Sophia Barkman v. John G. Barkman.

1. FORCIBLE DETAINER—*Right to Possession is the Only Matter Determined.*—The only claim set up in a complaint in forcible detainer is that the plaintiff is entitled to the immediate possession of the premises described therein. And if he is successful in the litigation, the remedy given him extends no further than to put him in possession of the same.

2. SAME—*Determining Title to Land by.*—The title to land can not be inquired into for any purpose in this form of action, unless the lease was procured by fraud, artifice or mistake.

3. LANDLORD AND TENANT—*Tenant Can Not Deny the Landlord's Title.*—While a tenant is in possession under a lease, he can not dispute the landlord's title by setting up a title he, the tenant, had of the date of the creation of the tenancy, or of one that he has since acquired.

Forcible Detainer.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed March 30, 1903.

MASTERSON, HAFT & DANDRIDGE, attorneys for appellant.

KITT GOULD, attorney for appellee.

Where a tenant accepts a lease, he by that act acknowledges his landlord's title and is estopped from denying it. Fusselman v. Worthington, 14 Ill. 135; Carter v. Marshall, 72 Ill. 609; Fleming v. Mills, 182 Ill. 464; Doty v. Burdick, 83 Ill. 473.

A tenant can only deny his landlord's title where he has

been induced to accept a lease by artifice, fraud or mistake.   Vol. 1, Wood on Landlord and Tenant, Second Edition, Sec. 118; Carter v. Marshall, 72 Ill. 609; Fleming v. Mills, 182 Ill. 464; Petterson v. Sweet, 13 Ill. App. 255.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Prior to June 9, 1899, appellee and appellant, his wife, with their two children, were living in the top flat of a building known as No. 5218 Lake avenue, Chicago, Illinois, the legal title of which then was and still is in appellee. On that day appellant brought a suit for divorce and obtained an injunction ordering him to keep away from said premises and not to interfere with her possession of the same.   October, 1899, a decree was entered in said cause, granting a divorce, for his fault, finding that appellee should pay appellant $4,000 as and for alimony in full, with $250 solicitor's fees, should execute to her a lease of said flat from the date of the decree to November 1, 1901, and that the children should remain with the mother.   The lease was executed pursuant to the directions of the decree, was signed by both of said parties, and accepted by her.   The two children died before the present suit was brought.   After the termination of said lease by lapse of time, Mrs. Barkman remained in possession of and refused to surrender such flat.   Thereupon appellee brought forcible detainer proceedings to recover possession of the premises in question, and obtained a judgment in his favor before the justice of the peace.   Appellant took an appeal to the Circuit Court.   It was there submitted for trial to the court, without a jury, and the issues were found for appellee.   From the judgment entered on that finding this appeal was perfected.

It is claimed by appellant that she has a homestead estate in said premises; that this court so determined in Barkman v. Barkman, 94 Ill. App. 440; and that by accepting a lease of said premises, she is not estopped to assert such estate in the present controversy.

The only claim set up in a complaint in forcible detainer

is, that the plaintiff is entitled to the immediate possession of the premises described therein. And if he is successful in the litigation, the remedy given him extends no further than to put him in possession of the same.

It has been uniformly held by our Supreme Court that the title to land can not be inquired into for any purpose in this form of action, unless the lease was procured by fraud, artifice or mistake. The position of the court upon this question has become *stare decisis.* Spence v. Anderson, 108 Ill. 457. Hence it is immaterial here whether appellant has or has not a homestead estate in the premises she occupies under this lease.

Again, we might find that appellant had a homestead estate in this flat, and that by the making of said lease she did not part with that estate: and yet we would still be compelled to hold that the possession of the tenant is the possession of the landlord, and that so long as the possession remains in the tenant, just so long does the relation of landlord and tenant exist.

While the tenant is in possession under a lease, he can not dispute the landlord's title by setting up a title he, the tenant, had of the date of the creation of the tenancy, or one that he has since acquired.

Nor does it make any legal difference that the tenant was in possession at the time the lease was executed, and did not then actually move out and give possession to the landlord; for the legal effect of joining in and accepting the lease is the same as if that had been done.

"It is an undeniable proposition that when a party in possession of premises accepts a lease and occupies under it, he is estopped to deny his landlord's title. No dispute as to the title will be tolerated until the parties are placed in their original positions. * * * It makes no difference; the party may have been in possession as the tenant of a former landlord; he is precluded from denying the title of either." Carter v. Marshall, 72 Ill. 609.

Other authorities sustaining these points are Dunbar v. Bonesteel, 3 Scam. 32; Winslow v. Noble, 101 Ill. 194; Jordan v. Katz, 89 Va. 628; Fleming v. Mills, 182 Ill. 471;

Thayer v. Society, etc., 20 Pa. St. 60; Dixon v. Stewart, 113 N. Car. 410; Lyles v. Murphy, 38 Tex. 75.

For the reasons stated, it is unnecessary to pass upon any other questions raised herein.

The motion of appellee to dismiss this appeal is denied.

The judgment of the Circuit Court is affirmed.