## William J. Orthwein and Henry C. Haarstick, Trustees, Appellants, v. Joseph Davis, Appellee.

1. LANDLORD AND TENANT—*estoppel to dispute title.* A tenant cannot dispute his landlord's title, nor can a sub-tenant dispute such landlord's title; nor can such tenant, even though holding under two landlords, dispute the title of either of such landlords.

Forcible detainer. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Reversed. Opinion filed March 18, 1908.

DANIEL McGLYNN and H. L. BROWNING, for appellants.

L. D. TURNER, JR., and L. D. TURNER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in forcible detainer brought to the last April term of the St. Clair Circuit Court, by appellants, to recover from appellee the possession of lot 472 block 40 in Brooklyn, Illinois. There was a trial by jury, a verdict of not guilty and a judgment against appellants for costs.

Some nine years prior to the commencement of this suit, as it appeared from the evidence, the lot in question was claimed by C. F. Orthwein, and at that time John Evans was acting as his agent. About the same time Andrew Seits went into actual possession of the lot and remained in possession for two years, leasing the property of Orthwein through the latter's agent,

Evans. In 1900 Seits surrendered the property to Evans, who took possession of it for Orthwein, and on July 2, 1900, appellants, who had succeeded to the interest of C. F. Orthwein, through their agent, said Evans, leased the lot for a term of one year to W. D. Anderson, who entered into possession of the premises, and erected a house thereon. The lease to Anderson was renewed from time to time, the last one having been executed on April 1, 1906, for a term of one year.

In July, 1906, some time prior to the expiration of this lease Anderson leased the premises to appellee, who immediately went into possession of the same. The lease to Anderson provided that it should not be assigned nor any part of the premises sublet by him without the written consent of appellants first obtained, and that in case of any failure by the lessee to perform any of the covenants of the lease, appellants might declare the lease at an end and recover possession as though the same was held by forcible entry and detainer. On January 25, 1907, appellants caused a notice in writing to be served upon Anderson stating that in consequence of his default in the terms of that part of the lease, which declared that the same should not be assigned or sublet by the lessee, without the written consent of the lessor, they had elected to determine the lease and notified him to quit and deliver up possession of the same to them within ten days; and on March 18th they made a written demand upon appellee for the immediate possession of the premises. Possession not having been surrendered to appellants, this suit followed.

Upon the trial appellee introduced evidence tending to show that Anderson, prior to the time he leased the premises of appellants, had taken a lease from one Barth S. Griffith, who claimed title through some legal proceedings with which appellants were not connected. The court permitted a portion of the papers pertaining to said legal proceeding to be introduced

in evidence, as well as certain deeds covering the premises in question, but even if they had been competent there was nothing in them that appeared to connect said Barth S. Griffith with the premises. The witness Evans swore that while at one time said Griffith claimed to own the land, yet when witness took charge of it he told Griffith to move his fence away, which the latter did and witness then took possession of the premises. No written lease from Griffith to Anderson was introduced in evidence and the proof that there was a lease at all was very vague and unsatisfactory. Whether Griffith had any legal claim to the premises or whether Anderson at any time had taken a lease from him are not, however, questions which concern us here. It was shown without dispute by the evidence, that Anderson for more than six years had leased the premises from appellants and attorned to them as his landlords, and that appellee had received possession of the premises from Anderson as a sub-lessee.

The second section of the statute relating to forcible entry and detainer provides that the person entitled to the possession of lands or tenements, may be restored thereto in the following, among other cases. "When any lessee of the lands or tenements or any person holding under him holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms or by notice to quit or otherwise."

In C. & St. L. R. R. Co. v. Wiggins Ferry Co., 82 Ill. 230, it is said: "In an action of forcible entry and detainer, as has been held in Thompson v. Sornberger, 59 Ill. 326, and other cases in this court, it is necessary to aver and prove that the plaintiff was in possession of the premises, and that the possession was invaded by the defendant; but in an action of forcible detainer, it is sufficient if the complaint shows the relation of landlord and tenant to have existed; that the time for which the premises were let has

expired, and that the tenant persists in holding the premises after demand made in writing for the possession thereof.''

The case of Aurner v. Pierce, 106 Ill. App. 206, referred to by appellee, as sustaining his position that forcible entry and detainer is not maintainable where the plaintiff has never been in rightful possession of the premises sued for, is not in point as that suit was brought under a different provision of the forcible entry and detainer act and the relation of landlord and tenant did not exist.

In the case of Carter v. Marshall, 72 Ill. 609, it was insisted by appellant, who claimed to be the assignee of a lease made by appellee, that there could be no recovery unless it was shown that appellee or his lessee, who had assigned to appellant, had possession of the premises at the date of the alleged assignment of the lease and that such possession was transmitted to appellant. It was however said there by the court: ''It is an undeniable proposition that where a party in possession of premises accepts a lease and occupies under it, he is estopped to deny his landlord's title. No dispute as to the title will be tolerated, until the parties are placed in their original positions. The exception to the general rule, is, where the tenant had been induced by fraud, artifice or mistake to accept the lease. In such case, he may show better title in himself or in any third party under whom he claims. He will be permitted to avoid the lease by proof of such facts as would warrant relief in equity from any other obligation created by deed. It makes no difference, the party may have been in possession as the tenant of a former landlord—he is precluded from denying the title of either.''

In the case of Barkman v. Barkman, 107 Ill. App. 332, it is said: ''While the tenant is in possession under a lease, he cannot dispute the landlord's title by setting up a title, he, the tenant had of the date of the creation of the tenancy, or one that he has since

acquired. Nor does it make any legal difference that the tenant was in possession at the time the lease was executed, and did not then actually move out and give possession to the landlord; for the legal effect of joining in and accepting the lease is the same as if that had been done.''

In this case the relation of landlord and tenant existed between appellants and Anderson and had existed a number of years, and there is no evidence that the lease was acquired by fraud, artifice or mistake. Anderson, therefore, was estopped to deny appellants' title or show that he was at the time the first or subsequent leases were made, holding the premises under a lease from another. He could not rightfully deny the title of either landlord, even if it were satisfactorily shown, which is not the case here, that he was holding under two landlords. If Anderson could not dispute the title of appellants, appellee who was his subtenant was also estopped from doing so. "It is a well established rule that an undertenant or other person let into the possession by the tenant, must yield possession to the landlord; that a person claiming to have acquired possession from the tenant only acquires the tenant's rights and nothing more." Doty v. Burdick, 83 Ill. 473; Brown v. Keller, 32 Ill. 151; McCartney v. Hunt, 16 Ill. 76.

Under the views of law above expressed appellants clearly made out such a case as entitled them to a recovery against appellee.

The judgment of the court below must therefore be reversed and as the facts which are controlling in this case are undisputed, the case will not be remanded.

*Reversed.*

Statement of facts to be incorporated in the judgment.

We find that appellee was at the time of the commencement of this suit a sub-tenant of William D. Anderson, who was the lessee of the premises in ques-

tion, under a written lease made to him by appellants; that said Anderson was not induced to accept said lease by fraud, artifice or mistake; that said lease was terminated by appellants on account of a breach of its conditions of which proper notice was given to said Anderson by them, and that appellant also in apt time made a demand for possession of the premises upon appellee, which was refused.