Hughes *v.* Streeter.

JOHN HUGHES, Plaintiff in Error, *v.* SAMUEL S. STREETER, Defendant in Error.

ERROR TO COOK.

After a satisfaction of a judgment by the sale of property, no further execution can issue upon the judgment, until the satisfaction is vacated, the levy and sale set aside and an execution awarded by an order of the court in which the judgment was rendered.

Hughes v. Streeter.

The duties of a clerk are ministerial and not judicial, and he has no authority to set aside a levy or sale, or to vacate an entry of satisfaction of a judgment.

When the description of the land levied on and sold under execution is so defective that the particular piece of land sold cannot be located, the levy and sale and entry of satisfaction should be set aside.

HUGHES filed his motion, supported by affidavit, in the Cook Circuit Court, to quash an execution issued on a judgment obtained by Streeter against him, on the 16th day of August, 1859, for six hundred and sixteen ninety-two one-hundredths dollars and costs, and to maintain his motion offered the following pieces of evidence:

A written notice of this motion—a copy of which was served on defendant's attorney, 3rd Sept., 1859.

An execution in favor of defendant and against the plaintiff, for the sum of $618.92 and costs, issued out of this court, upon said judgment, and bearing date the 5th day of October, 1857, directed to the sheriff of Jo Daviess county, and by him returned with the following indorsements and returns: "Received this execution for collection this 6th day of October, 1857, at the hour of 10 o'clock, A. M."

"By virtue of this writ, I have, this 7th day of October, 1857, levied upon the following described tract or parcel of land, to wit: a part of the east half of the south-east quarter of section number twenty-six, in township number twenty-nine north, range number two east of the fourth principal meridian, in Jo Daviess county, Illinois, containing seventy-four acres, more or less."

"Made six hundred and sixty ten-hundredths dollars, by sale of the property described in the above levy, the amount of the judgment, interest and costs in this execution, and the purchaser being the plaintiff, the same is returned satisfied this 27th February, 1857."

Another execution in favor of defendant, and against plaintiff, on said judgment, for the sum of six hundred and eighteen dollars and ninety-two cents and costs, out of this court, and bearing date the 16th day of August, 1859, directed to the sheriff of Jo Daviess county.

At the same time, Streeter, the defendant, entered his cross-motion, founded upon affidavit, for an order setting aside and vacating the sale of the real estate, made under the above execution, issued 5th October, 1857, numbered 8150; and the return thereon of satisfaction.

And afterwards, the court rendered a judgment on said motions, overruling the said plaintiff's motion to quash said execution, issued 16th August, 1859, and also setting aside and vacating the sale of the real estate, in Jo Daviess county, made by the sheriff of said county, on the 27th day of February, 1857, under and by virtue of the execution issued 5th day of

October, 1857, upon the same judgment, for $618.92 and costs. And also setting aside and vacating the return of the sheriff indorsed thereon, together with the subsequent entry of satisfaction of the judgment aforesaid.

Hughes now brings error to reverse these decisions.

SCATES, McALLISTER & JEWETT, for Plaintiff in Error.

SMITH & DEWEY, for Defendant in Error.

WALKER, J. The rule has been uniform both in this country and Great Britain, that after a satisfaction of a judgment by the sale of property, no further execution can issue upon the judgment, until the satisfaction is vacated, the levy and sale set aside, and an execution awarded by an order of the court in which the judgment was rendered. No case has been referred to, and none is believed to exist, in which a clerk has ever before issued an execution on a judgment thus satisfied. And it is for the plain and manifest reason, that his duties are only ministerial, while the setting aside a levy, or a sale, or the vacating the entry of satisfaction of a judgment, is a judicial act. When the plaintiff has sold property in satisfaction, his judgment ceases to exist, and when the record entry of its satisfaction is vacated, it is thereby revived, and receives new vitality. The exercise alone of a judicial power, equal to that which first made the decision, can impart this new life to a judgment which has once been satisfied by an officer or person clothed with power to make the entry. The hearing the evidence and finding the facts on the motion, is as purely judicial, as is the ascertaining the amount of the indebtedness, and rendering the judgment in the first place. The clerk might as well assume the one jurisdiction as the other, and the exercise of either is wholly unwarranted.

We have, however, been referred to the case of the *Frankfort Bank* v. *Mackley*, 1 Dana, 373, as an authority to sustain the practice. That was a case where an agent of plaintiff, through mistake, entered a credit on the execution, and the clerk issued an alias for the full amount of the judgment. That case stands, so far as we can find, solitary and alone, and no rule of law is referred to in support of the authority of the clerk, and the court, in the opinion, very properly discourages the practice. The facts of that case are not the same as in this, and even if they were, we should not be inclined to follow it as a precedent, or as authority, since we believe that it is opposed to the uniform practice, and is not sanctioned by the common law, is unauthorized by statute and in violation of our constitution, which has vested all judicial power in courts, and

not in ministerial officers. We are therefore clearly of the opinion that the court erred in not quashing the alias execution, as its issue was not warranted until the satisfaction, the levy and sale, had been set aside by the judgment of a court of competent jurisdiction.

The question will necessarily arise on another trial, whether the levy and sale made under the first execution should be set aside, and we shall therefore proceed to the determination of that point. This question depends upon whether the defendant in error acquired anything by the levy and sale. If the description of the premises is sufficient to fix the location of the land, he then obtained the right of redemption from the mortgage, otherwise he procured nothing. It sufficiently appears by the affidavits, that the officer designed to levy upon the interest of plaintiff in error in the eighty acre tract, and that the defendant in error designed to purchase, and supposed that he had purchased that interest. The whole transaction seems to have been had under a misapprehension of the parties, and their intention appears to have been, to make the levy and purchase of the land by a sufficient description. A part of eighty acres, containing seventy-four acres, more or less, is wholly insufficient to designate any tract of land, that can be located. By this description it might be located in a large number of different modes, either of which would equally answer the call of the deed. It is true, that it is seventy-four acres in a designated eighty acre tract. But whether on the one or another of the sides, in the centre or in one of the angles of the tract, it is impossible to know. There is nothing in the levy and certificate of purchase from which that fact can be ascertained, and we have no other means, which we can recognize, of ascertaining the intention of the parties. Whether the half of the quarter section is fractional, does not appear. But even if it did appear that he owned seventy-four acres by an appropriate description, there is nothing in the levy to limit and designate the portion of the half of the quarter that he owned. Had it stated that it was all of the land which he owned in the tract, or that it was all of the land he had acquired by purchase from a particular individual, or some such reference to something else, by which it could have been located, it might have been sufficient. But we have no such reference, and we have no doubt that the description is so defective that no title whatever passed by the sale. This being the case, the defendant in error did not obtain anything by his purchase, and has an equitable right to have the levy and sale set aside, and an execution awarded, by which he may acquire the benefit of his judgment.

The judgment of the court below is reversed, and the cause remanded.　　　　　　　　　　　　　　*Judgment reversed.*