ADAM SCHAUMTŒFFEL

*v.*

CARL BELM.

77  567
23a 554
23a 556

77  567
37a 551

77  567
165  360

1. FORCIBLE ENTRY AND DETAINER—*sufficiency of description of land in complaint, to give jurisdiction.* A description of premises sought to be recovered in an action of forcible entry and detainer as, "a *part* of the north half of the north-east quarter of section 15," etc., "with the house situated thereon," is void for uncertainty, and confers no jurisdiction on the magistrate to hear and determine the case. The defect can not be supplied by parol evidence given on the trial.

2. SAME—*act strictly construed.* As the proceeding by forcible entry and detainer is in derogation of the common law, and given by statute only, the requirements of the statute must be substantially observed and pursued.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of trespass, brought by Charles Belm against Adam Schaumtœffel, before a justice of the peace, and, by appeal, taken to the circuit court. On a trial, the

plaintiff recovered judgment for $175, and costs. The defendant appealed.

Mr. MARSHALL W. WEIR, for the appellant.

Messrs. KRAFFT & WINKELMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only point we deem it necessary to notice is, the exclusion of testimony offered by appellant, which consisted of the proceedings in an action of forcible entry and detainer, brought by appellant against appellee, which resulted in a verdict and judgment in his favor, with an award of a writ of restitution, in executing which, the acts complained of by appellee were committed.

It was conceded on the trial appellee was entitled to recover, unless appellant could justify the acts done. This he attempted to do, by the proceedings in question.

It is insisted the complaint in the case gave no jurisdiction of the subject to the magistrate. It was as follows: "Adam Schaumtœffel, being duly sworn, on his oath, says, that he is entitled to the possession of the following described premises, to-wit: a part of the north half of the north-east quarter of section 15, township two (2) south of range seven (7) west, in the county and State aforesaid, with the house situated thereon, and that Carl Belm unlawfully withholds the possession thereof from him."

The objection is, the complaint does not describe any premises with that reasonable certainty required by section 5 of chapter 57, R. S. 1874, p. 536.

As this proceeding is in derogation of the common law, and statutory, wholly, the requirements of the statute must be substantially observed and pursued. By a loose construction, the description contained in this complaint can not be said to be a description of the land reasonably certain. The north half of a quarter section of land has many several parts;

which one of them this may be, no one can certainly say. Of what part did the defendant, Carl, unlawfully withhold the possession? In the absence of averment in the complaint, the defect can not be supplied by parol proof. Nor does the judgment in the action describe the premises, the court finding, only, that the plaintiff is entitled to the possession of the premises described in the complaint.; and what those are, it is impossible to say. *Hughes* v. *Streetor,* 24 Ill. 647; *Shackleford* v. *Bailey,* 35 ib. 387, and subsequent cases.

The description of the land being so indefinite, the justice of the peace acquired no jurisdiction to proceed to judgment of restitution. We will not undertake to say the damages are excessive, under the circumstances. If appellee was unlawfully dispossessed of his home, as he was, in the absence of jurisdiction of the magistrate, and his property exposed to the elements, and injured to some extent, we will not stop to inquire as to the precise amount the jury should have found. It is sufficient, we do not think the damages are so excessive as to warrant this court in disturbing the verdict.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCOTT, and Mr. JUSTICE SHELDON, dissenting:

We are of opinion the court below erred in excluding the testimony offered of the proceedings in the forcible entry and detainer case. The description in the complaint, of the house as situated on the north half of the north-east quarter of section 15, etc., which Carl Belm withheld the possession of from the plaintiff, was one of reasonable certainty, as respected the house, at least, if nothing more, and the proceedings in question should have been admitted in evidence, so far as concerned the house, at least.