PATRICK MALONEY

v.

J. S. SHATTUCK.

1.  FORCIBLE DETAINER—COMPLAINT—DESCRIPTION.—In determining the sufficiency of the description in a complaint of forcible detainer, the proper test is whether an officer, executing a writ of restitution, could identify the premises described in his writ.  Applying this test in this case, the description of the premises in the complaint is void for uncertainty.

2.  SAME.—Where a complaint alleges that the plaintiff is the owner and is entitled to the possession of premises, and that the defendant unlawfully withholds the possession thereof, the entry having been peaceful, it is necessary in order to a recovery, that the plaintiff should show he was entitled to the posses ion at the time of suit brought.

3.  POSSESSION.—Where persons claim possession without a deed or other instrument calling for boundaries, their possession does not extend beyond what they have inclosed or actually occupy.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.  Opinion filed May 20, 1884.

This was an action for forcible detainer by appellee against appellant.  The complaint was as follows:

STATE OF ILLINOIS, ⎫ ss.
    COOK COUNTY.   ⎭

J. S. Shattuck complains to J. G. Bolton, Esq., a justice of the peace in and for said county and State, that he, the said J. S. Shattuck, is the owner of and is entitled to the possession of the following described premises in said county, to wit: Commencing at a point on the north line of lot 16, in County Clerk's division of undivided lands in Section 20, 37, 11, Cook county, Illinois, 100 feet east of the northwest corner of the undivided east 23 acres of said lot 16, and running thence east 300 feet along said north line of said lot 16; thence southwest 136 feet; thence south 320 feet; thence west 210 feet; thence north 324 feet; thence west 102 feet; thence north 136 feet to the place of beginning, containing about 3 1-5 acres, and being immediately south of and adjoining

Maloney v. Shattuck.

block 32, Athens, and the south end of Catherine street, in the village of Lemont, Cook county, Illinois, and all being in the undivided east twenty-three acres of said lot 16 above mentioned.   And that Patrick Maloney unlawfully withholds the possession thereof from the said J. S. Shattuck, wherefore he prays a summons in pursuance of the statute in such case made and provided.

Dated June 19, A. D. 1882.

On the back is the following:

J. S. SHATTUCK.

Complaint for an illegal or forcible detainer.

Judgment in the court below for the plaintiff, and the defendant appealed to this court.

Messrs. BENNETT & HIGGINS and Mr. JOHN I. BENNETT, for appellant; as to possession, cited McCartney v. McMullen, 38 Ill. 238; C. & St. L. R. R. Co. v. Wiggins Ferry Co., 82 Ill. 232; Thompson v. Sornberger, 59 Ill. 328; Dudley v. Lee, 39 Ill. 342.

As to pleading: Haskins v. Haskins, 67 Ill. 452; Schaumtoeffel v. Belm, 77 Ill. 568; Beel v. Pierce, 11 Ill. 97.

Mr. A. B. JENKS, for appellee; cited Gazzolo v. Chambers, 73 Ill. 75; Ball v. Chadwick, 46 Ill. 28.

Actual possession may exist by proof of something short of an actual residence on the land or inclosing it by fence: Pearson v. Herr, 53 Ill. 144; Jamison v. Graham, 57 Ill. 94; Hassett v. Ridgely, 49 Ill. 197.

WILSON, J.  It would be sufficient ground for the reversal of the judgment below that the description of the premises, as set forth in the complaint, is void for uncertainty, the metes and bounds as given not inclosing any land.   We have examined the description with care, and find that the two terminal points do not meet by at least one hundred and fifty feet.   In determining as to the sufficiency of the description in this class of cases, the proper test is whether an officer executing a writ of restitution could identify the premises de-

scribed in his writ. This in the present case would be impossible.

Again, the plat of the land which was offered in evidence, and was by reference made a part of the testimony of the plaintiff's witnesses, embraces an entirely different tract from that attempted to be described in the complaint. As the complaint forms the basis upon which the proceedings rest it must correctly describe the premises withheld, or the suit will fail.

But independent of these difficulties, we are of opinion that the case, as made by the plaintiff, did not entitle him to recover. The statute in relation to forcible entry and detainer provides for several classes of cases, among which are, 1st, where a forcible entry upon lands or tenements is made, 2d, where the entry is peaceable and the possession is unlawfully withheld, and 3d, when entry is made into vacant and unoccupied lands or tenements without right or title.

Where the entry is forcible, the only inquiry is, has the possession been taken by actual or constructive force. If it has, it must be restored on complaint of the party dispossessed, even though the wrong-doer himself may be the owner of the land.

The object of the statute, in that class of cases, is to give a summary remedy to one who has been forcibly dispossessed, without reference to his title or his right of possession. Dudley v. Lee, 39 Ill. 339.

The present case is brought under either the second or third class of cases above specified, and is a suit for an unlawful detainer merely. The complaint alleges that the plaintiff is the owner of, and is entitled to the possession of the premises, and that the defendant unlawfully withholds the possession thereof. Under such a complaint, the entry having been peaceable, it was necessary in order to a recovery that the plaintiff should have shown he was entitled to the possession at the time of suit brought. Did he so show?

It appears from the bill of exceptions that one N. J. Brown, on November 7, 1881, for the consideration of $1, quitclaimed to Julius A. Boyer 23 acres of land, within which, as is

Maloney v. Shattuck.

claimed, the premises in controversy are embraced, and that Boyer, March 7, 1882, conveyed the land to the plaintiff by deed with a covenant of warranty of title. It does not appear, nor is it claimed that either Boyer or the plaintiff ever took possession of the land; nor was there any proof offered that Brown ever had a deed or other paper title thereto. It was claimed, however, that he had formerly exercised acts of ownership over portions of the twenty-three acre tract, such as cutting of timber, permitting a small space to be used for burial purposes, etc. But the proof on this subject was vague and unsatisfactory, and was, we think, wholly insufficient to show possession or to raise any presumption of ownership in Brown. Moreover, it does not appear that any of the claimed acts of ownership were done upon that part of the land now in controversy. They were done upon other and different portions of the tract, and as it is not shown that Brown ever had a deed or color of title to any part of the tract, such acts as were done by him can not, by construction, be deemed to extend his possession beyond the limits of their actual performance. If one enters upon an estate having title thereto, the law presumes the possession to be co-extensive with the estate: 1 Wash. on Real Property, (4th Ed.) 58. But the mere entry upon a tract of land, without any color of title, and exercising acts of ownership, such as the inclosing a part of it with a fence, does not, of itself, constitute possession of any more land than is inclosed. Webb v. Sturtevant, 1 Scam. 181. In Ill. Cent. R. R. Co. v. Ind. & Ill. C. R. R. Co., 85 Ill. 211, the principle is stated thus: "Where persons claim possession without a deed or other instrument calling for boundaries, their possession does not extend beyond what they have inclosed, or actually occupy." There was thus an entire failure to show title to the premises in controversy in Brown, by acts of ownership or otherwise. Having no title he could convey none to Boyer, and Boyer could convey none to the plaintiff.

The claim that Brown purchased the property is without foundation from anything appearing in the evidence.

Equally unsupported is the theory that the relation of land-

lord and tenant existed between Brown and the defendant. Brown, it is true, testified that the defendant applied to him to purchase the property. But this falls far short of showing a recognition by the defendant of Brown as his landlord. The defendant had been in the open and exclusive possession of the property for many years, the larger part of it for more than twenty years, under no lease or contract with Brown, and without any demand or claim by him for the payment of rent ever having been made by Brown during all that period.

The inference to be drawn from the proof in the case would seem to be quite as strong that the defendant was holding adversely to Brown as the contrary.

Other points are discussed in the briefs of counsel which it is unnecessary to consider. Viewed in any aspect of the case, we think the verdict and judgment were unwarranted by the evidence, and accordingly the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.