## JULIA AND A. L. BURNS
### v.
## JOHN NASH.

*Forcible Entry and Detainer—Jurisdiction—Confession of Judgment upon Warrant of Attorney Contained in Lease, Unauthorized—Description of Premises—Certainty.*

1. The Circuit and Superior Courts, in taking cognizance of cases under the statute of forcible entry and detainer, exercise a special, statutory and extraordinary power, and stand upon the same ground and are governed by the same rules as courts of limited and inferior jurisdiction. In such case nothing is within the jurisdiction but that which expres ly so appears upon the face of their proceedings.

2. The statute confers new rights and prescribes a remedy unknown to the common law. In such case the remedy prescribed, especially as respects jurisdiction, must be strictly pursued.

3. The entry of a judgment by confession upon warrant of attorney contained in a lease, is impliedly prohibited by the particular mode of proceeding prescribed by the forcible entry and detainer act.

4. Upon a writ of error to review a judgment in forcible entry and detainer, entered by confession upon a warrant of attorney contained in a lease, it is *held:* That the record is insufficient to show jurisdiction; that the premises were not described with reasonable certainty either in the complaint or judgment; that jurisdiction of the subject-matter could not be conferred by consent of the parties; and that the defendants were not precluded from assigning for error said want of jurisdiction.

[Opinion filed July 15, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

This is error to the court below upon a judgment in favor of Nash against Julia and A. L. Burns, in a proceeding under the act in regard to forcible entry and detainer. The record, which is certified as a full and complete transcript of all the proceedings, etc., shows that July 8, 1885, Nash filed in the Superior Court a complaint stating that he was entitled to the possession of the following described premises in Chicago, in the County of Cook and State of Illinois, to-wit: The lot on which the building known as No. 77 West Adams Street was situated in November, 1882, and that A. L. Burns and Julia Burns unlawfully withhold the possession thereof from him, the said Nash. Also an affidavit of Joseph N. Barker, that on or about the first day of July, 1885, he demanded, on the said premises, of the said A. L. and Julia Burns, payment of the rent then due the said Nash, according to the terms of the lease between the said Nash and said A. L. and Julia Burns, but that said rent has not been paid, nor any part thereof, and the said term in said lease has determined by forfeiture for non-payment of rent.

There was also filed what purported to be a cognovit, waiving the issuing and service of any process, notice or notices, or demand or declaration of forfeiture, confessing that defendants unlawfully withhold possession of the premises (describing them as in the complaint), consenting to judgment, and that a writ of restitution may immediately issue, directed to the Sheriff of Cook County to execute, waiving trial by jury and releasing all error, etc.

There was also filed another affidavit of said Barker as to the genuineness of the handwriting of the said defendants to an annexed lease, which was also filed. That lease purported to be an indenture *inter partes*, was dated November 1, 1882, and purported to be a lease from the plaintiff to defendants for a term from said date until May 1, 1884, of a lot on which the building, No. 77 West Adams Street, is situated, but provided for the removal of the building on or before May 1, 1884. There was nothing to show that plaintiff made that or any other lease to defendants, or that the relation of landlord and tenant ever existed between the parties, or any forcible

entry by defendants. The said lease contained a warrant of attorney, which, so far as is material, reads: "And the said party of the second part hereby makes, constitutes and appoints Joseph N. Barker, or any attorney of any court of record, to be their true and lawful attorney, irrevocably for them and in their name, place and stead, to enter appearance in any court of record or before any Justice of the Peace, at any time after any rent is due upon this lease, or after this lease is determined by default, or otherwise, to waive process and the service thereof, and trial by jury, or otherwise, and confess a judgment of guilty of forcible detainer of the above demised premises, or any part thereof, and for costs of suit in favor of said John Nash, his heirs, etc., and to release all errors," etc.

The judgment was: "Therefore it is considered by the court that the plaintiff do have restitution from the defendants of the following described premises in the City of Chicago, County of Cook and State of Illinois, to-wit: The lot on which the building known as No. 77 West Adams Street was situated in November, 1882, and that a writ of restitution do issue therefor."

The record contains no reference to any summons or other process, or other matter in support of said judgment than as above stated. The defendants bring error to this court and assign for error the insufficiency of the record to show that the court had jurisdiction, and that the judgment was not in accordance with the law, in that it did not describe the premises with reasonable certainty.

Messrs. Dow & Burnham, for plaintiffs in error.

Messrs. Barker & Thornton, for defendant in error.

McAllister, P. J. It is indisputable that the proceeding in which the judgment in this case was rendered, is purely a special statutory proceeding in derogation of the common law. Schaumtœffel v. Belm, 77 Ill. 567.

Formerly, original jurisdiction of cases within the provisions

of the statute of forcible entry and detainer was vested exclusively in Justices' courts, but, by statute, such jurisdiction has been conferred upon any court of record, concurrently with the Justices' courts. 1 Starr & C. Stat., p. 1180, Sec. 5. That change, of course, gives jurisdiction to the Superior and Circuit Courts, and they are courts of general and superior jurisdiction. The court below is one of that class. But, in taking cognizance of cases under the statute of forcible entry and detainer, such courts exercise a special, statutory and extraordinary power, and stand upon the same ground and are governed by the same rules as courts of limited and inferior jurisdiction, as to which the rule is, that nothing shall be intended to be within the jurisdiction but that which so expressly appears on the face of their proceedings.

In Thatcher v. Powell, 6 Wheat. 119, Chief Justice Marshall, speaking of the effect of a transcript of record made in a court of general jurisdiction, while in the exercise of special statutory powers said:

"In summary proceedings, where a court exercises an extraordinary power under a special statute prescribing its course, we think that course ought to be exactly observed; and those facts, especially, which give jurisdiction, ought to appear, in order to show that its proceedings are *coram judice*." Haywood v. Collins, 60 Ill. 328, and authorities there cited.

In the case at bar, the record fails to show facts which, under the Forcible Entry and Detainer Act, would give the court jurisdiction. There is nothing to show a forcible entry; nor to show, with any degree of certainty, that the defendants entered the premises under any lease, or with the assent and acquiescence of the plaintiff below; or to show in any way, that the relation of landlord and tenant existed. Beel v. Pierce, 11 Ill. 92, and Steiner v. Priddy, 28 Ill. 179, are directly in point against the jurisdiction. Besides, there was another jurisdict'onal defect; the premises were not described with reasonable certainty in either the complaint or judgment. The description was: " The lot on which the building known as No. 77 West Adams Street was situated in November, 1882." The very lease filed with the papers provides for the removal of

that building on or before May 1, 1884; and there is nothing to show whether that was done or not. It is therefore uncertain whether the building so known in 1882, was there in July, 1885, and capable of being readily identified, or not. The description must be of such certainty as that the premises can be readily identified or the court gets no jurisdiction. Schaumtœffel v. Belm, *supra;* Haskins v. Haskins, 67 Ill. 446.

We are now confronted with the question whether or not the plaintiffs in error are precluded, by reason of the warrant of attorney contained in the lease and the cognovit, from assigning for error such want of jurisdiction. That they are not, we think, necessarily follows from the following reasons:

First, the term in said lease had expired more than a year before the proceedings by confession, and there is nothing to show that defendants below ever entered into possession of the premises under that lease or ever held them under the same or any renewal thereof. Such being the case, the confession was not authorized by the warrant of attorney contained in said lease.

Secondly, to hold the confession valid in such case, where no facts appear showing a case within any of the provisions of the forcible entry and detainer statute, would be to hold that jurisdiction of the subject-matter might be conferred by the consent of the parties, which is wholly inadmissible; because the court must derive its jurisdiction from the law, and not from the consent of the parties. Beach v. Nixon, 9 N. Y. 33; McCloud v. Jaggers, 3 Phila. 304.

But waiving those matters, is it competent for a party seeking his remedy under said statute to depart from the course of proceeding prescribed by it, and obtain a judgment by another and different mode, in no respect authorized or recognized by that statute ?

The statute confers new rights and prescribes a remedy by a course of proceeding unknown to the common law. It confers a special power over a subject and prescribes a specific mode for its exercise. We regard the law as well settled, that in such case the mode prescribed, especially as respects jurisdiction, must be strictly pursued, whether the tribunal

upon which the power is conferred be of superior or inferior jurisdiction.   Haywood v. Collins, *supra;* Cooper v. Sunderland, 3 Iowa, 114; Cohen v. Barrett, 5 Cal. 196; Stafford v. Ingersoll, 3 Hill (N. Y.), 38; Renwick v. Morris, 7 Hill ( N. Y. ), 575.

"It is, as a maxim, generally true, that if an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner."   Potter's Dwarris on Stat., p. 73.

The asserted propriety of the judgment by confession upon a warrant of attorney contained in a lease can receive no support from the statute of this State relative to judgments by confession.   It reads : "Any person, for a debt *bona fide* due, may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process."   That statute limits the right to cases of a debt.   Cases for the recovery of the possession of real estate under the Forcible Entry and Detainer Act, are based not upon a debt, but a tort.   The gist of the action is either a forcible entry or wrongful detention. The plea is not guilty.

The practice of entering judgment by confession upon warrant of attorney, without process, in all actions of tort, did not obtain, and there is no precedent for it at common law, so far as we have been able to ascertain.   If allowable in other cases, it is impliedly prohibited by the particular mode of proceeding prescribed by the Forcible Entry and Detainer Act, in which there is discernible a certain public policy, based upon humane considerations of the wrong, oppression and hardships which might ensue, if families, in any kind of weather, at any time of day or night, might be thus forcibly ejected from their homes with all their effects, without notice or warning.

The law-making power has never given its sanction to, but public policy is against it, and courts should be very wary about sanctioning such an innovation.   The judgment below should be reversed.

*Judgment reversed.*