JULIUS WILLER
v.
CHARLES S. FRENCH.

*Forcible Entry and Detainer—Jurisdiction—Confession of Judgment upon Warrant of Attorney in Lease, Unauthorized.*

1. The action of forcible entry and detainer is a special statutory proceeding, summary in its nature and in derogation of the common law. The statute conferring jurisdiction must, therefore, be strictly pursued in the method of procedure prescribed by the statute.

2. The Circuit and Superior Courts, in taking cognizance of cases under

Willer v French.

the statute of forcible entry and detainer, exercise a special, statutory and extraordinary power, and stand upon the same ground and are governed by the same rules as courts of limited and inferior jurisdiction. In such cases nothing is within the jurisdiction but that which expressly so appears upon the face of their proceedings.

3. The entry of a judgment by confession upon warrant of attorney contained in a lease is impliedly prohibited by the particular mode of proceeding prescribed by the forcible entry and detainer act.

4. The practice of entering judgment by confession upon warrant of attorney without process in actions of tort did not obtain at common law.

[Opinion filed July 3, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

A judgment in forcible entry and detainer against appellant and in favor of appellee was entered in the Superior Court by confession and without the issuing or serving of process. The lease (a copy of which is attached to the pleadings in the case) contains a clause by which the lessee appoints any attorney of a court of record "to be his attorney for him and in his name and stead, to appear in and before any court of record, at any time after any default or failure made by the party of the second part in the performance of any of the covenants of this lease, to waive the issuing and service of process, and to file a cognovit and confession of judgment for the possession of the whole of said demised premises, and for the costs of suit in an action of forcible entry and detainer in favor of said first party, its successors and assigns, and against said second party, his heirs, executors, administrators and assigns, and to file a waiver and release, in writing, of all errors in entering such action or judgment, and a consent in writing that a writ of restitution may be issued and executed immediately," etc.

A motion was made to set aside the judgment by appellant, who entered a special appearance for the purpose of making said motion. The motion was denied by the court, and an appeal taken and error assigned.

Messrs. MOSES & NEWMAN, for appellant.

Messrs. Williams & Thompson, for appellee.

A warrant of attorney to confess judgment does not depend for its validity upon positive enactment of the Legislature, but is a valid power, whose exercise has been recognized repeatedly by the common law, independent of any statute.

In the Supreme Court of this State, Sheldon, J., says:

"A warrant of attorney to confess judgment is a familiar common law security. The entry of judgment by cognovit thereunder is a proceeding according to the course of the common law which courts have ever entertained in the ordinary exercise of their authority as courts of general jurisdiction. The fact that the statute has regulated the mode of procedure does not convert the proceeding into one of such a special statutory character that the same presumptions do not obtain as in the ordinary judgments of superior courts of general jurisdiction. The point was directly so ruled in Osgood v. Blackmore, 59 Ill. 261." Bush v. Hanson, 70 Ill. 480, 483.

The Revised Statutes of 1845, Chapter 78, Section 27, provide for confession of judgment for a debt *bona fide* due, but say nothing about confession on a note before its maturity. It was held, however, by the Supreme Court in 1850, that judgment might be confessed on a note not due by its terms, the power which was exercised purporting to authorize such confession. The court say: "We see no good objection to the enforcement of such a contract." "The defendant has no right to complain of the judgment, for he authorized it to be entered." Here is a case of the exercise of power to confess judgment, while an affirmative statute authorizing confessions was in existence, but where the exercise, upheld by Supreme Court, was not in accordance with provisions of such statute. Sherman v. Baddely, 11 Ill. 622.

The exact case at bar came up before Judge Blodgett in the UnitedStates Circuit Court. Conn. Mut. Life Ins. Co. v. Sea. The attorneys for the tenant, defendant, objected to the entry of judgment under a warrant of attorney precisely similar to the present, as being illegal and unconstitutional. Judge Blodgett said that if the defense could show him any authority or reason why the judgment should not be entered he was will-

ing to give them a reasonable time. The question was afterward argued and Judge Blodgett adhered to his view that judgment might be entered, and this was accordingly done. Judge Drummond took the same position.

As to general doctrine, that whatever may be done *in propria persona* may be done in court by an attorney, see Hall v. Hamilton, 74 Ill. 437.

When the regularity of sale on execution was questioned subsequently to sale, on ground that confession on which execution issued was unsupported by affidavit, Ogden, J., says:

" The Court of Common Pleas, by its common law powers, had jurisdiction over the person of the defendant, and over the subject-matter of the judgment, independent of the provisions of the statute, which directs that an affidavit shall be produced at the time a judgment by confession is signed."

Refused to avoid judgment and sale resting on warrant. Doe ex dem. Vandeveere v. Gaston, 42 N. J. L. 820. See, also, Ely v. Parkhurst, 25 N. J. L. 188; Doe ex dem. Rees v. Hawell, 12 Ad. & E. 696; Locke v. Franklin, 7 Taunt. 9; Secrist v. Zimmerman, 55 Pa. St. 446.

"The amicable action and confession of judgment is according to ancient and established practice existing before the act of 1806, as well as since." Judgment in ejectment by confession, sustained. Flanigen v. City of Philadelphia, 51 Pa. St. 491. See, also, Durham v. Brown, 24 Ill. 93.

The objection that the action of ejectment rests on a tort has not been allowed to prevail in any of the numerous cases cited, and none can be found where such objection has prevailed. The true solution of the difficulty lies in the fact that, while the actions of both forcible entry and detainer and of ejectment present some suggestions of having been founded in tort, yet they are really both *sui generis*. It is misleading to call them actions in contract or in tort, for they are neither. Forcible entry and detainer resembles ejectment most closely in its processes and results, and the lines already developed in ejectment are those which should be followed in the action of forcible entry and detainer.

In the present case the record shows that the relation of

landlord and tenant existed; that the lease expired, and that the tenant persisted in holding the premises after a demand made in writing by the proper person for the possession thereof. This was sufficient to give the court jurisdiction. Dunne v. Trustees of Schools, 39 Ill. 578; Smith v. Killeck, 5 Gilm. 293.

This court, therefore, must find in the present case, that the facts necessary to give the lower court jurisdiction existed. The whole of the appellant's case, consequently, comes to this: No summons in forcible entry and detainer was issued to, or served on the (then) defendant Willer, and the statute of forcible entry and detainer is said to provide for the issue and service of summons. The Practice Act, section 1, requires that in all actions the first process shall be a summons. Will it be said, on the strength of this provision, that no judgment may be entered in any cause where summons has not issued? In this case what becomes of the constant practice of waiving the issue and service of process, as defendants so constantly do, by warrant of attorney or otherwise, and consenting that judgment be entered up?

Errors, if any, are released in power contained in lease; and in such case the Appellate Court will affirm without examination. Frear v. Com. Nat. Bank, 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437.

MORAN, P. J. The complaint filed in the court below contained allegations sufficient to entitle appellee to the remedy sought under the forcible entry and detainer act. In this respect this case differs from the case of Burns v. Nash, decided by this court and reported in 23 Ill. App. 552. The sole question for us to determine on this record is whether the Superior Court obtained jurisdiction of the person of appellant by means of the filing of the cognovit in pursuance of the warrant of attorney contained in the lease.

It is contended by counsel for appellee that a warrant of attorney to confess judgment is a familiar common law security, and cases are cited which it is asserted show that it was the practice at common law to enter judgments in ejectment

upon confession under a warrant of attorney, and that the practice has also obtained in Pennsylvania and been sustained by the Supreme Court of that State. There is some misapprehension as to the practice at common law. There were at common law, besides the judgment by default, two methods of obtaining judgment without trial. One by a confession of judgment under a warrant of attorney, and the other upon a *cognovit actionem* signed by the defendant in the action.

The warrant of attorney authorized the attorney named therein to appear for the defendant and receive a declaration in an action for debt, and to confess the action or suffer judgment by *nil dicit* or otherwise to pass. "A warrant of attorney," says Chitty, "is more frequently given independently of any action, and very generally as prospective security, and although, at the time it is executed, nothing is due from the party. It is in that respect a convenient collateral security to bankers and others, in consideration of their agreeing to make pecuniary advances, or to suffer a customer to overdraw his account." 3 Chitty's Gen. Prac. 669.

The *cognovit actionem* was not an authority given before the action commenced, but was a confession signed by the defendant after the process was issued.

" When a writ has already been issued against a defendant, a *cognovit actionem*, or, in other words, a written confession of the action subscribed by the defendant but not sealed, and authorizing the plaintiff to sign judgment and issue execution for a named sum, is a very usual mode of saving the expenses of further proceedings in the action." 3 Chitty's Gen. Prac. 664. Now, two at least of the cases cited by counsel to show that confession of judgment was permitted in ejectment, are cases in which the judgments were entered on a *cognovit actionem*.

In Doe dem. Locke v. Franklin, 7 Taunt. 9, the plaintiff obtained from the defendants in possession a *cognovit* of the action, and a *retraxit* of the plea, so that not only was there no warrant of attorney to appear and confess, but the defendants who did confess the action were already in court, by service of process, and also by plea filed. Doe dem. Rees v. Howell, 12 Adol. & E. 696, was also a case where the defend-

ant signed a cognovit confessing the action. These cases give no support to the contention that a warrant of attorney to appear and confess judgment was a recognized mode of procedure in ejectment at common law.

Kingston v. Kingston, 1 Dow, N. S. 263, appears to have been a rule *nisi* to set aside a judgment entered upon a warrant of attorney in an action of ejectment, for the reason that there was no attestation clause to the warrant of attorney in conformity with a statute then recently enacted. Patteson, J., held that the statute had no application to actions in ejectment, and in that was clearly wrong, as the same statute was held applicable to actions of ejectment in Doe dem. Rees v. Howell, *supra*, where the question was decided by four of the judges of the Court of King's Bench.

The point as to the right to enter the judgment under a warrant of attorney was not raised in the case, but the implication that it was a recognized practice, which might be drawn from the fact that the point was not made, is negatived in the subsequent case of Beaumont v. Beaumont, 2 Dow N. S. 972, where, in moving for leave to enter up a judgment on a warrant of attorney authorizing the landlord to sign judgment in ejectment, upon the determination of the tenancy by a notice to quit, counsel admitted that no case of a similar description was to be found in the books, but contended there could be no objection to such a warrant of attorney. Coleridge, J., said : "If a party enters into such an agreement, I see no reason why it should not be enforced;" but for lack of a sufficient affidavit no judgment was entered in the case, and therefore it is no precedent, but it shows that as late as 1843 no such practice had obtained in England.

The fact that no reference to such a method of proceeding in ejectment is found in works on common law practice (so far as we have been able to examine), goes to show pretty conclusively that such a practice was unknown to the courts and to the profession.

It appears from cases in Pennsylvania that there is known in that State a practice of entering what are termed amicable actions, and that such actions and judgments by confession in

Willer v. French.

them may be entered by the court on agreement by the parties.   McCalmont v. Peters, 13 Serg. & R. 196; Cook v. Gilbert, 8 Serg. & R. 567.

In Flanigen v. The City of Philadelphia, 51 Pa. St. 491, the lease provided that it might be terminated on the violation of any covenant by a notice of five days, and that on such termination any attorney might sign an agreement for entering an amicable action in ejectment against the lessee. Such an action was entered and judgment confessed, and on motion to set it aside on the ground that it was not entered in compliance with a rule of court governing the entry of judgment on warrants of attorney, the court said: "It nowhere appears in this record that the confession by the attorney of the defendant was in pursuance of a warrant of attorney. The amicable action and confession of judgment is according to ancient and established practice, existing before the act of 1806, as well as since."

The practice seems to be peculiar to the State of Pennsylvania; at least, our attention has not been called to a similar practice elsewhere. We do not think it can be regarded as establishing the proposition that the practice of confessing judgment upon warrant of attorney and without process having issued obtained at common law in actions of ejectment.

In Secrist v. Zimmerman, 55 Pa. St. 446, cited by counsel, there was no warrant of attorney and no question of a confession on a warrant of attorney made or decided in the case. The action of ejectment was brought against the defendant for the land, and a year after its commencement the defendant confessed judgment to the plaintiff for the land in dispute and costs. The court held the judgment conclusive as to the parties and their privies, on the ground that the most important interests, not only of property and liberty but life itself, are habitually concluded, judicially, by solemn confession made by the party in interest in the face of a court of justice.

The confession of which the court is speaking in that case was made in open court in the face of the court after service of process, and it has never been doubted that such a confession would authorize the judgment, and probably no one

would say that such a confession would not be good in a forcible detainer case.

An examination of all the cases counsel have been able to find seems to us to confirm what was said by this court in Burns v. Nash, *supra:* "That the practice of entering judgment by confession upon warrant of attorney without process in actions of tort did not obtain, and there is no precedent for it, at common law."

The practice of entering judgments in debt on warrants of attorney is very old, so old that the date of its origin is unknown. Chitty says: "How or when this peculiar security for a debt authorizing a creditor, as it were, *per saltum*, to sign a judgment and issue execution, without even issuing a writ, was first invented, does not appear, but it has now become one of the most usual collateral securities on loans of money, or contracts to pay an annuity and for debts, but usually accompanied with some other deed or security." 2 Gen. Practice, 334.

It was early found that unconscionable advantage was taken of debtors by creditors by means of such warrants of attorney obtained when the debt was incurred, and when the debtor was hopeful, and executed with harshness against him in the hour of his distress, and the courts were compelled to prescribe rules and the Parliament to enact statutes to limit the operation of such warrants and restrain the injustice to which the use of them frequently gave rise. But if it were established that confession of judgment upon warrant of attorney obtained as a practice at common law in an action of ejectment, or in other actions in form of tort, it would not authorize the practice in an action of forcible entry and detainer under the law of this State. This action is a special statutory proceeding, summary in its nature and in derogation of the common law, and it is a rule of universal application in such actions that the statute conferring the jurisdiction must be strictly pursued in the method of procedure prescribed by it or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void. Davis v. Davis, 115 Pa. St. 261; Burns v. Nash, *supra*, and cases there cited.

While forcible entry and detainer is a civil proceeding for restitution, it is based upon, and has by modern legislation been evolved from the English forcible entry and detainer which was a criminal proceeding merely. Ejectment, from its slow progress, was an inadequate remedy to a landlord, and the Legislature provided the summary remedy by which a speedy recovery of possession may be secured, but to prevent hasty action, and to secure tenants and their families from the danger and inconvenience of being forcibly ejected without notice and reasonable time for preparation, certain safeguards were provided by the statute.

A demand for possession is required to be made upon the tenant before the commencement of the action; a complaint in writing must be filed before summons issues; service of the summons is to be made in a manner different from the service in other actions at law, and if judgment is rendered against the tenant, the statute provides that "no writ of restitution shall be issued in any case until the expiration of five days." There is in the statute a policy discernible, as was said by Mr. Justice McAllister in Burns v. Nash, "based upon humane considerations of oppression and hardships which might issue, if families, in any kind of weather, at any time of day or night, be forcibly ejected from their homes with all their effects, without notice or warning," which forbids the conclusion that a landlord, by exacting from his tenant a power of attorney in his lease, can obtain the right to an immediate judgment without having demanded possession, or having process issued or served, and to an immediate writ of restitution, and to avail himself of the remedy against his tenant furnished by a statute, every provision of which with reference to procedure he has set aside by contract, and thus to proceed to the ejection of the occupants and the recovery of possession "by leaps," as the creditor was enabled by a similar warrant to sign judgment and issue execution against his debtor at common law, without affording an opportunity to the tenant of raising any objection or making any defense. What wrong might be perpetrated were such a practice to be established is illustrated by the operation of the "amicable ejectment" proceed-

ing in Pennsylvania, as shown in Grossman's Appeal, 102 Pa.
St. 137, where, after the death of the lessee and the accept-
ance of a month's rent in advance from his widow and before
the expiration of the month, the landlord, on an unfounded
rumor that the widow had assigned the lease and thus broken
the covenant against assignment, confessed a judgment against
the dead man under the terms of the lease, and without pre-
vious notice of the judgment or execution, the widow and
heirs were dispossessed "at the early hour of eight o'clock in
the morning in February."

Whatever may be thought of the public policy of such a
practice, it can not become engrafted upon our forcible detainer
proceedings without the consent of the Legislature.

The act provided a new remedy and the course of procedure
to obtain it, and no remedy or mode of procedure can be pur-
sued except that directed by the act. "If the act has pre-
scribed the remedy for the party aggrieved, and the mode of
prosecution, all other remedies and modes are excluded." Mil-
ler v. Taylor, 4 Burr, 23 and 24; Smith v. Lockwood, 13 Barb.
217.

Parties can not, by their contracts, vary the procedure in
courts of justice prescribed by the statute. This was expressly
decided by the Supreme Court of Iowa in a case which we
consider in point and decisive of the question under consider-
ation. A judgment was entered up in the District Court
under a warrant of attorney in a judgment note made in Penn-
sylvania, which authorized any attorney in any court of record
within the United States, to confess judgment against the
maker of the note. A petition was filed by the maker of the
note to have the judgment declared void, and the court so
ordered. On appeal, the Supreme Court said: "It is claimed
by appellant that the principles of the common law authoriz-
ing a warrant of attorney to confess judgment are in force in
this State, and that the provisions of our code respecting the
recovery of judgment by action and confession of judgment
are merely cumulative. We do not think this position is cor-
rect. The whole subject of recovery and rendition of judg-
ment is fully reviewed in the code, and the course to be

pursued in obtaining a judgment is specifically pointed out. * * * A confession of judgment pertains to the remedy. A party seeking to enforce here a contract made in another State must do so in accordance with the laws of this State. *Parties can not, by contract made in another State, engraft upon our procedure here, remedies which our laws do not contemplate nor authorize.*" Hamilton v. Schoenberger, 47 Iowa, 385.

*A fortiori*, parties within the State can not, by contract, engraft upon the procedure prescribed for a summary proceeding, a remedy or a practice, not warranted by the statute. While parties by consent may waive rights, they can not thus amend the law. A fundamental requisite to the validity of a judgment is that the court should have had jurisdiction of the subject-matter and of the parties.

A judgment against a defendant who has not been served at all with process and who has not appeared, is a nullity. The record shows no process to the defendant and no appearance by him, but shows a departure from the course specifically pointed out by the State, and an attempt to give jurisdiction of the defendant and enter judgment against him in a manner which the statute does not contemplate nor authorize. A confession of judgment upon a warrant of attorney in an action of forcible detainer in a court of record is as irregular and unauthorized as it would be in a justice court. Such court of record does not proceed in forcible detainer by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is therefore to be treated as a court of special and limited jurisdiction. Phillips Ev., p. 946, Cowen & Hills' Notes; Burns v. Nash, *supra*.

A court of special and limited jurisdiction, like a justice court, has no authority to enter a judgment by confession on a warrant of attorney, even in a case where such judgment would be authorized in a court of record by the common law. Alberty v. Dawson, 1 Binn. 105.

From no point of view are we able to sustain the authority of the court to enter the judgment appealed from. We have carefully examined the question and re-examined the views

expressed in the opinion of Mr. Justice McAllister in Burns v. Nash, *supra*, and such re-examination has tended to confirm us in the position there announced. The court had no power to enter the judgment in this form of proceeding on the warrant of attorney contained in the lease, and the judgment is therefore *coram non judice* and void, and must be reversed.

*Judgment reversed.*