## JOHN NASH
### v.
## JULIA BURNS.

*Trespass—Writ of Restitution—Acts in Execution of—Evidence—Practice.*

Counsel should not be permitted in civil cases to read law to the jury.

[Opinion filed January 22, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. JOSEPH N. BARKER and CLIFFORD & SMITH, for appellant.

Mr. S. K. Dow, for appellee.

GARY, P. J. It is unnecessary to inquire whether this judgment should be sustained, if the error for which it is to be reversed were not in the record.

This is an action of trespass for acts done in the execution of a writ of restitution, issued upon the judgment by confession, reversed by this court in Burns v. Nash, 23 Ill. App. 552.

On the trial of the present case, the opinion of this court in that, was, against the objection and exception of the appellant, read by the appellee in the evidence to the jury.

Since the case of Chicago v. McGiven, 78 Ill. 347, it is impossible to justify this, nor can it be overlooked upon the flattering statement in the brief of the appellee that "the opinions of this court are good reading and will not hurt anybody."

A defendant in an action for unliquidated and vindictive damages, against whom a few lines, near the bottom of page 557 of that opinion, were read as a text for a closing speech by the plaintiff's counsel, would not be apt to concur in that statement.    The judgment is reversed and the case remanded.

*Reversed and remanded.*