## John A. Spoor et al., Defendants in Error, v. August Meyer, Plaintiff in Error.

### Gen. No. 14,904.

1. FORCIBLE ENTRY AND DETAINER—*when objection to complaint comes too late.* An objection to the sufficiency of the complaint in forcible entry and detainer comes too late when first made on appeal.

2. FORCIBLE ENTRY AND DETAINER—*when judgment void.* A judgment in forcible entry and detainer is void where it does not describe with reasonable certainty the property as to which the writ of restitution is to issue.

3. MUNICIPAL COURT—*when proceedings deemed regular.* There being no stenographic report of the proceedings in the trial court and no statement of facts appearing on the trial certified by the trial judge, it will be assumed that the proceedings which led to the verdict and judgment complained of were without error.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed February 10, 1910.

EMIL A. MEYER, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendants in error; JOHN C. SLADE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error in this cause sued out brings to this court for review a judgment of the Municipal Court entered upon the verdict of a jury, in an action of forcible detainer.

The premises, possession of which is sought to be recovered, are described in the bill of particulars as "the west 66 3/4 feet of the east 133 1/2 feet of the south 125 feet of block 11 in the Superior Court's subdivision of the west half of the northwest 1/4 of section 4, township 38 north, range 14 east of the third principal meridian." Included in the bill of particulars is a demand for rent, but as this claim was abandoned it is no part of the proceeding before us. Attached to the bill of particulars is a complaint in the usual statutory form in forcible detainer, in which the premises are described as in the bill of particulars, omitting therefrom the words "Section 4." The verdict of the jury finds defendant guilty of withholding possession of the premises described in the complaint, and the judgment rendered follows the verdict. Defendant appeared generally and entered no dilatory plea and made no motion to quash the complaint.

The real question which is presented by the record seems to us to rest in the solution of the proposition as to whether the judgment is erroneous in that it fails to describe any premises which can from the description found in the judgment be located with any degree of certainty or without the aid of extrinsic evidence. In other words, can the officer executing final process, from the description found in the judgment, locate the premises sought to be recovered and deliver the same to plaintiffs. We hold that the objection to the insufficiency of the complaint comes too late, being made here for the first time. Haynes v. Sherwin, 126

Ill. App. 414. In the condition of this record, procedure in the Municipal Court anterior to the verdict and judgment is not reviewable. There being no stenographic report of the proceeding below nor statement of fact by the trial judge, it will be assumed that the proceedings leading to the verdict and judgment were without error. Law v. Sanitary District, 197 Ill. 523.

Neither the verdict nor judgment describes land capable of identification. As the writ of restitution must follow the judgment, the officer whose duty it may be to execute it, by putting plaintiffs into possession, will be unable to do so without acting unwarrantably and *dehors* the writ. There is nothing either in the verdict or judgment to aid the defective description. We are charged with judicial notice that a township consists of thirty-six sections, and that in order to locate a small parcel of land described as being in a certain township, the section number is indispensable for its correct location. The officer would no more be justified in selecting section 4 to help out the omission in the writ, than any of the other remaining thirty-five sections. Whichever horn of this dilemma he might grasp would make him amenable to an action for trespass at the suit of the person dispossessed. His writ, on the judgment rendered, would not protect him, or be a defense or justification for his actions. Nothing can be read into the verdict or judgment to cure the defective description in both of them, nor can we take judicial notice of the whereabouts of the Superior Court's subdivision. Premises attempted to be recovered in an action of forcible detainer must be described with reasonable certainty. Schaumtoeffel v. Belm, 77 Ill. 567, is closely akin to the case at bar on both fact and principle, and is, we think, decisive of the rights of the parties. Mr. Justice Breese, speaking for the court, said: "By a loose construction, the description contained in the complaint cannot be said to be a description of the land

reasonably certain. The north half of a quarter section of land has many several parts; which one of them this may be no one can certainly say. Of what part did the defendant, Carl, unlawfully withhold the possession? In the absence of averment in the complaint the defect cannot be supplied by parol proof. Nor does the judgment in the action describe the premises, the court finding only that the plaintiff is entitled to the possession of the premises described in the complaint; and what those are it is impossible to say. Hughes v. Streeter, 24 Ill. 647; Schackleford v. Bailey, 35 *id.* 387, and subsequent cases.'' Logically the same remark is here strikingly applicable. What the premises described in the complaint, verdict and judgment are, it is impossible to say. Had the verdict and judgment described the premises according to the description found in the bill of particulars, the omission of the section in the complaint would have been cured. When this cause is again in the Municipal Court, plaintiffs may, if they shall be so advised, move the court to amend the complaint, and it will then be the duty of that court to allow such amendment.

As the judgment of the Municipal Court is void for uncertainty, it is reversed and the cause is remanded.

*Reversed and remanded.*