Gus Hussos, Appellee, v. Sava Vasel, Appellant.

Gen. No. 45,415.

Opinion filed January 30, 1952. Released for publication April 2, 1952.

MAYER GOLDBERG, and LEONARD L. LEVIN, both of Chicago, for appellant.

MILTON J. SABATH, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant by this appeal seeks to reverse a judgment in favor of plaintiff in an action of forcible detainer.

Defendant held, under a lease from plaintiff, the premises in question, consisting of three floors of the building at 513 North Clark street in Chicago, used for rooming house and hotel accommodations. The original lease expired September 30, 1946, and defendant continued as a holdover tenant from year to year until the present action was filed October 6, 1950. On June 29, 1950, plaintiff served notice of termination effective September 30, 1950, and a demand for possession. Plaintiff's complaint alleged that he was entitled to the

premises described, "excepting as to two rooms occupied by the defendant Sava Vasel as his own living quarters." The judgment entered reads as follows: "Judgment for possession against defendant, Sava Vasel, except two rooms occupied by defendant, Sava Vasel, as his living quarters."

Two grounds for reversal are urged by defendant: (1) that plaintiff failed to obtain a certificate of eviction from the Office of the Federal Housing Expediter before bringing the present action, as required by the Federal Rent Control Act; and (2) that the judgment is too vague and uncertain to be executed by the bailiff of the Municipal Court.

Plaintiff contends that the premises in question were decontrolled by regulation of the Housing Expediter prior to bringing the present action, and therefore no certificate of eviction was necessary; and that the judgment is sufficiently certain to permit its enforcement.

The regulation which classifies the structures as decontrolled, and under which plaintiff claims the premises in question are included, is as follows:

"(iv) *Structures subject to underlying leases.* (a) Entire structures or premises wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises, except as provided in (c) of this subdivision (iv)."

██ It is admitted by plaintiff that if the premises in question are not within the regulation referred to, then a certificate of eviction was necessary before commencement of the instant suit. No certificate of eviction had been obtained. The burden was upon plaintiff to prove that the premises in question came within the regulation.

Whether the premises are to be considered decontrolled within the meaning of the regulation depends

14

upon proper proof that defendant rented or offered for rent more than twenty-five rooms. Upon this subject plaintiff testified that there are about forty rooms (exclusive of bathrooms) on the second, third and fourth floors of the premises covered by the lease to defendant. On cross-examination he said he looked at all the rooms; that he counted them the last time he was there, which was about a month and a half or two months prior to the notice of termination; that he did not know how many rooms were on each of the second, third and fourth floors. He did not testify as to the number of rooms actually rented or offered for rent by defendant.

George Gordon, testifying in rebuttal for the plaintiff, said he was a general broker; that he made a diagram of the second, third and fourth floors and found nine rooms on the second floor, twelve rooms on the third, and twelve rooms on the fourth, a total of thirty-three rooms. On cross-examination he testified that he went through the premises on the Friday of the week prior to his testimony; that he counted each room on the second floor and opened some of the rooms but not all of them; that ''I would not know how many rooms at that time were rented or offered for rent by the defendant''; that he did not know how many of those rooms were sleeping rooms, and ''would not know how many of those rooms are storage rooms.''

Defendant testified that he operated the three floors as a rooming house; that there were a total of twenty-seven rooms; that he occupied one bedroom and kitchen as his own living quarters; that two rooms were not occupied because the city required the use of them as fire exits; that only twenty-four rooms were rented or offered for rent by him; and that he never offered for rent more than twenty-four rooms.

Excluding the two rooms shut off for fire exits, and the two rooms occupied by him, there is a discrepancy

of one room not accounted for by defendant, assuming that there were twenty-seven rooms in all, as testified to by him.

Maxwell Harris, a witness for defendant, testified that he counted twenty-six rooms in the premises in question, that he had checked them on two different occasions, the last time in the latter part of July 1950, and that ''there were twenty-four rooms definitely rented out.''

██ On this state of the record the plaintiff has not satisfied the burden of proof that the premises in question are decontrolled under the regulation in question. We think the judgment is against the manifest weight of the evidence. The testimony of plaintiff and his witness, Gordon, does not establish that the defendant ''rented or offered for rent more than 25 rooms'' within the meaning of the regulation. The testimony of defendant is definite that he never rented or offered for rent more than twenty-four rooms in the premises. The two rooms occupied by defendant cannot under the law be included.

The true test under the holdings in *Popplewell v. Stevenson,* 185 F. (2d) 111, as well as *Mortgage Underwriting Co. v. Bowles,* 150 F. (2d) 411, is whether the lessee actually rented or offered for rent more than twenty-five rooms in the premises. In the *Popplewell* case the court said:

''And in determining whether premises fall within the regulation and therefore are exempt from the Act, only the rooms actually rented or offered for rent are to be taken into consideration, *and those occupied in good faith, by the lessee, sublessee, or other tenant as a residential apartment are to be excluded from consideration.*'' (Italics ours.)

Without proper proof that the premises in question are decontrolled, plaintiff could not bring this action

without having obtained a certificate of eviction from the Federal Housing Expediter.

■■ The form of the judgment entered is improper. It is too vague and uncertain to be enforced by the proper officer. The judgment must describe the premises with such certainty that an officer enforcing it may know without inquiry, or without resort to extraneous evidence, the identification of the premises from which defendant is to be dispossessed. *Burns v. Nash,* 23 Ill. App. 552; *Preston v. Davis,* 112 Ill. App. 636; *Spoor v. Meyer,* 152 Ill. App. 470; *Schaumtoeffel v. Belm,* 77 Ill. 567. It will be noted that the judgment is for possession "except two rooms occupied by defendant, Sava Vasel, as his living quarters." Obviously, it would require the officer enforcing the judgment to inquire and ascertain for himself which two rooms were occupied by the defendant.

For the reasons indicated the judgment of the municipal court is reversed and cause remanded for a new trial.

*Reversed and remanded.*

KILEY, P. J. and LEWE, J., concur.