DONALD L. WORLEY, Plaintiff-Appellee, Cross-Appellant, *v.* THOMAS JANSEN, Defendant-Appellant, Cross-Appellee.

Fifth District No. 75-240

Opinion filed January 22, 1976.—Rehearing denied February 27, 1976.

Sam S. Pessin, of Belleville, for appellant.

Von Allan Carlisle and William W. Warren, both of Carlyle, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a companion case to *Worley v. Ehret*, 36 Ill. App. 3d 48. As we have pointed out in *Worley v. Ehret*, both of these cases arise out of the same or closely related facts, the issues involved in the two cases are substantially the same, and the oral argument of the cases was consolidated. Although we have filed separate opinions in the two cases, most of what we have stated in *Worley v. Ehret* is applicable to this case. Rather than repeating what we have already discussed there, reference will be made to that opinion where appropriate.

Plaintiff, Donald L. Worley, brought forcible entry and detainer actions jointly against Thomas Jansen and against Henry and Elizabeth Robben because of their occupancy of portions of land belonging to plaintiff. The court awarded possession of the parcel of land occupied by Jansen and the parcel of land occupied by the Robbens to plaintiff. The court also declared that certain improvements which had been placed on the land by Jansen and by the Robbens were their personal property, thus entitling them to remove such improvements. Jansen has appealed and plaintiff has cross-appealed. The Robbens have not appealed.

For the facts giving rise to this case, see *Worley v. Ehret*, including the map appearing therein. To the discussion of the facts as stated there we need only add that Jansen's chain of "title" consisted of transfers from Von Alst to Frank and Alvina Pollmann in 1955; from the Pollmanns to Jerome, John and Rose Feldmann in 1963; from the Feldmanns to John and Margaret Baumgartner on April 17, 1967; from the Baumgartners back to Jerome Feldmann on November 12, 1967; and finally from Jerome Feldmann to Thomas Jansen on November 13, 1967. None of these parties had a title search or a survey of the land made. However, apparently someone who was considering purchasing the property from Baumgartner did have a title search made which eventually led to the reconveyance to Jerome Feldmann.

As pointed out in *Worley v. Ehret*, plaintiff made written demand for possession on Jansen and the Robbens on August 19, 1971, and brought suit against them on December 10, 1971. In contrast to the *Ehret* case, plaintiff did not ask for compensation for the use of the land by Jansen and the Robbens. Defendants in their answers and counterclaims, as did Grace Ehret, asserted the defense of laches and each asked for an injunction restraining plaintiff from interfering with their use of the land and for any other equitable relief deemed appropriate by the trial court.

On September 5, 1973, the court filed an opinion awarding possession of the parcel of land occupied by Jansen and the parcel of land oc-

cupied by the Robbens to plaintiff after one year and allowing the respective defendants to remove the improvements on the land occupied by them. The court ordered plaintiff to prepare a judgment consistent with the court's opinion and to submit it to defense counsel for approval as to form. Seventeen months later, on February 7, 1975, defendant Jansen filed a motion to amend his answer and counterclaim to ask for the imposition of an equitable lien on the land which he occupied, in the amount of the enhanced value of the land due to the labor, materials, and money furnished by him during his occupancy of the land. The motion was denied and the judgment of the court awarding possession to plaintiff and the improvements to Jansen and the Robbens was entered.

As stated above, the Robbens have not appealed. Defendant Jansen has appealed from the refusal of the trial court to apply the doctrine of laches and the denial of defendant's motion to amend his answer and counterclaim to include a request for an equitable lien. As in *Worley v. Ehret*, plaintiff has cross-appealed from the trial court's allowing defendant Jansen to remove the improvements.

The issues raised on this appeal can be summarized as follows: (1) whether the description of the land in the complaint was sufficient; (2) whether the trial court erred in refusing to apply the doctrine of laches; (3) whether the trial court erred in refusing to allow defendant Jansen to amend his answer and counterclaim; and (4) whether the remedy afforded by the court's judgment was appropriate.

■■ Concerning the first issue raised, there is no merit to defendant's contention that the description of the property in the complaint was insufficient. The property is clearly described in surveyor's terms as that portion of the land occupied by defendant Jansen which falls within the boundaries of plaintiff's property. (See the map in *Worley v. Ehret*.) The requirement that the description of the land proceeded against in a forcible entry and detainer action be made with reasonable certainty has been met. Ill. Rev. Stat., ch. 57, § 5; *Schaumtoeffel v. Belm*, 77 Ill. 567; *Maloney v. Shattuck*, 15 Ill.App. 44; *Preston v. Davis*, 112 Ill.App. 636; *Spoor v. Meyer*, 152 Ill.App. 470.

■■ Defendant's second contention is that the trial court erred in refusing to apply laches. For the reasons set forth in our discussion of this issue in *Worley v. Ehret*, we feel defendants contention is without merit.

■■ We now turn to the third and fourth issues raised. We find no reversible error in the refusal of the trial court to allow defendant Jansen to amend his answer and counterclaim to include a request for an equitable lien. The remedy afforded by the trial court in the instant case was substantially the same as the remedy afforded by the trial court

in *Worley v. Ehret.* Had defendant Jansen been allowed to amend his answer and counterclaim, he would have been in no better position than was the defendant in *Worley v. Ehret.* For the same reasons set forth in our discussion of the remedy afforded by the trial court in *Worley v. Ehret,* the defendant in the instant case was not entitled to equitable relief.

We note that the opinion filed by the trial court in this case mentions that the parties had stipulated that the action should be treated as an ejectment action rather than a forcible entry and detainer action. For the reasons set forth in our discussion of the Occupying Claimant's Law in *Worley v. Ehret,* the defendant in the instant case is in no better position to claim compensation for his improvements in an ejection action than he would be in a forcible entry and detainer action.

Therefore, the cause is reversed and remanded for proceedings consistent with the law as set forth in *Worley v. Ehret* and in this opinion.

Reversed and remanded.

KARNS, P. J., and G. J. MORAN, J., concur.